SELL v MITCHELL CORPORATION (ON REMAND)

Docket No. 140955. Submitted November 4, 1992, at Grand Rapids. Decided March 15, 1993, at 9:50 A.M.

Barbara J. Sell received workers' compensation for a partial disability. Her employer, Mitchell Corporation, subsequently offered her favored work, which she performed from November 21 to December 2, 1983. On December 5, 1983, a doctor placed further restrictions on her employment, precluding her from engaging in the favored work. On January 10, 1984, she filed a petition for hearing with the Bureau of Workers' Disability Compensation, claiming partial disability and seeking, in part, reimbursement for vocational rehabilitation expenses. The plaintiff was offered different favored work, which she performed in July and August 1984, before leaving the defendant's employment to return to school. On May 21, 1985, a hearing referee found that the plaintiff was partially disabled and awarded her benefits from December 3, 1983, to July 2, 1984. The Workers' Compensation Appeal Board affirmed. The plaintiff's application for leave to appeal was denied by the Court of Appeals on July 17, 1990. (Docket No. 127715). The Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded the case for consideration as on leave granted, directing the Court to consider whether the plaintiff's claim for reimbursement of vocational rehabilitation expenses, as stated in her January 10, 1984, petition for hearing, was sufficient to invoke the procedures for vocational rehabilitation training in MCL 418.319(1); MSA 17.237(319)(1). 437 Mich 976 (1991).

On remand, the Court of Appeals *held:*

The plaintiff's claim for reimbursement of vocational rehabilitation expenses was sufficient because at that time she was unable to perform the favored work as a result of her injury. The case must be remanded to the Workers' Compensation Appeal Board for a determination of the plaintiff's right to

REFERENCES

Am Jur 2d, Workers' Compensation § 392.

Workers' compensation: vocational rehabilitation statutes. 67 ALR4th 612.

benefits under MCL 418.319(1); MSA 17.237(319)(1). In making that determination, the board must consider: whether the offer of favored work was reasonable and made in good faith; the type of work offered; whether there was potential for future advancement for the plaintiff in light of the favored work offered and the plaintiff's physical disabilities; whether the favored work was within the plaintiff's physical capacity to perform; whether the plaintiff had the necessary training or experience to perform the favored work; whether the plaintiff had good and reasonable cause to refuse to perform the favored work; whether the plaintiff had taken specific steps toward obtaining vocational rehabilitation training; and whether such training would have enabled the plaintiff to be restored to useful employment.

Reversed and remanded.

WORKERS' COMPENSATION — VOCATIONAL REHABILITATION — FAVORED WORK.

An injured employee's right to vocational rehabilitation training must be balanced with the employer's right to mitigate compensation payments by offering the employee favored work; nonexclusive factors to be considered include: whether the offer of favored work was reasonable and made in good faith; the type of work offered; whether there is potential for future advancement for the employee in light of the favored work offered and the employee's physical disabilities; whether the favored work is within the employee's physical capacity to perform; whether the employee has the necessary training or experience to perform the favored work; whether the employee has good and reasonable cause to refuse to perform the favored work; whether the employee has taken specific steps toward obtaining vocational rehabilitation training; and whether such training will enable the employee to be restored to useful employment (MCL 418.301[5][a], 418.319[1]; MSA 17.237[301][5][a], 17.237[319][1]).

*Timothy J. Bott Law Offices, P.C.* (by *Timothy J. Bott*), for the plaintiff.

*Law, Weathers & Richardson, P.C.* (by *James L. Wernstrom* and *Anthony P. Gauthier*), for the defendant.

ON REMAND

Before: HOOD, P.J., and SAWYER and JANSEN, JJ.

JANSEN, J. On March 21, 1990, the Workers' Compensation Appeal Board issued an order affirming a May 21, 1985, decision of a hearing referee granting plaintiff a closed period of benefits from December 3, 1983, to July 2, 1984, but terminating benefits on the latter date because of plaintiff's unreasonable refusal to perform favored work provided by defendant. On July 17, 1990, this Court denied plaintiff's application for leave to appeal for lack of merit in the grounds presented. (Docket No. 127715.)

Plaintiff thereafter sought leave to appeal to the Supreme Court. On April 29, 1991, the Supreme Court entered an order vacating this Court's July 17, 1990, order and remanding the case to this Court for consideration as on leave granted. This Court was directed

> to specifically consider whether plaintiff's claim for reimbursement of vocational rehabilitation expenses, as stated in her petition for hearing, was sufficient to invoke the procedures for vocational rehabilitation training under MCL 418.319(1); MSA 17.237(319)(1). If so, the case should be remanded to the Workers' Compensation Appeal Board for further proceedings to determine plaintiff's right to benefits under that section. [437 Mich 976.]

It is our opinion that plaintiff's claim for reimbursement of vocational rehabilitation expenses as stated in her January 10, 1984, petition for hearing was sufficient to invoke the procedures for vocational rehabilitation training pursuant to MCL 418.319(1); MSA 17.237(319)(1). Therefore, we remand the case to the WCAB for further proceedings to determine plaintiff's right to benefits under that section.

We first note that the findings of fact made by

the WCAB are conclusive on judicial appellate review, in the absence of fraud, if there is any competent evidence to support them. *Holden v Ford Motor Co,* 439 Mich 257, 261-263; 484 NW2d 227 (1992); *Corbett v Montgomery Ward & Co, Inc,* 194 Mich App 624, 628-629; 487 NW2d 825 (1992). Because the parties have not alleged fraud, we review this case in light of the factual findings made by the WCAB.

After being off work because of a partial disability of her right upper extremity, and being paid workers' disability compensation benefits, plaintiff was offered favored work by defendant on November 16, 1983. Plaintiff returned to work on November 21, 1983, to a one-handed job cleaning bathrooms and offices, vacuuming, washing walls, wiping down lunch tables, and cleaning the lunchroom. Plaintiff testified that after attempting to do the work with her left arm, her arm began hurting and would get so tired that she would then have to use her right arm. Plaintiff's right arm would then begin to hurt, and she had to switch back to her left arm. Plaintiff stated that her right arm continued to bother her, but not as badly as when she had been sewing.

Plaintiff stopped doing the favored work on December 2, 1983, because she "didn't like cleaning bathrooms," and she "didn't want to do that for the rest of [her] life." Plaintiff indicated to defendant's plant manager, Dale Clark, that she was having problems doing the housekeeping job and was looking into going back to school. She also spoke with Joe Novak, a rehabilitation counselor, who helped her decide to pursue a degree in child care. Plaintiff consulted with Dr. Hansen, and on December 5, 1983, the doctor placed further restrictions on her, precluding her from engaging in the housekeeping activity.

On January 10, 1984, plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation. She alleged that she had been employed as a sewer and that repetitive, manipulative, physical maneuvers required on the job resulted in repetitive microtrauma involving her upper extremities, including both wrists, forearms, and shoulders, resulting in partial disability. Plaintiff further claimed that she had been given favored work as a housekeeper, which was supposedly one-handed, but that actually was more arduous and resulted in aggravation of the preexisting condition on the last day worked in December 1983. Plaintiff requested medical attention, reimbursement for medical expenses previously incurred, and reimbursement for vocational rehabilitation expenses.

A rehabilitation hearing was scheduled for April 13, 1984. However, the hearing was canceled because defendant was "vigorously disputing" plaintiff's entitlement to benefits. In a March 29, 1984, memorandum, Glen Ogden, of the Bureau of Workers' Disability Compensation, suggested that the file be transferred to a hearing referee to first determine liability at a pretrial hearing. The memorandum provided that if, at a later time, a rehabilitation hearing should be conducted, they would be happy to do so.

On June 13, 1984, plaintiff received a letter from defendant offering her a second attempt at favored work, as a first-aid room attendant. Plaintiff testified that by the time she received the June 13, 1984, letter, she had already registered for school. However, because her classes did not begin until the fall of 1984, she accepted the second offer of favored work. Plaintiff stated that when she returned to work in July 1984, she informed defendant that she would be leaving when her classes

began. Plaintiff left defendant's employment in August 1984, and returned to school.

In his decision, mailed on May 21, 1985, the hearing referee found that plaintiff had sustained injury on November 22, 1982, while engaged in unskilled employment. Because plaintiff continued to be partially disabled as a result of the work-related right upper extremity impairments, she was awarded benefits from December 3, 1983, to July 2, 1984. However, the hearing referee concluded that although plaintiff continued to be partially disabled as a result of the work-related right upper extremity impairments, she had unreasonably refused to perform favored work provided by defendant, and that weekly benefits were forfeited while she continued in the unreasonable refusal. On administrative review, the WCAB affirmed the hearing referee's decision, holding that benefits were to be denied after July 2, 1984, while plaintiff refused to perform the favored work offered by defendant, or until such work was no longer available.

MCL 418.319(1); MSA 17.237(319)(1) provides in pertinent part:

> An employee who has suffered an injury covered by this act shall be entitled to prompt medical rehabilitation services. When as a result of the injury he or she is unable to perform work for which he or she has previous training or experience, the employee shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him or her to useful employment.

As noted above, both the hearing referee and the WCAB concluded that plaintiff was partially disabled and entitled to benefits for the period between December 3, 1983, and July 2, 1984.

Therefore, it was established that on January 10, 1984, when plaintiff filed her petition for hearing, she was unable as a result of her injury to perform work for which she had previous training or experience, namely, the housekeeping duties offered her as favored work. In the January 10, 1984, petition, plaintiff claimed "entitlement to reimbursement for vocational rehabilitation expense."

We are of the opinion that plaintiff's claim for reimbursement of vocational rehabilitation expenses, as stated in her petition, was sufficient to invoke the procedures for vocational rehabilitation training pursuant to MCL 418.319(1); MSA 17.237(319)(1), because she was at that time unable to perform the favored work as a result of her injury. Therefore, we remand the case to the WCAB for further proceedings to determine plaintiff's right to benefits under that section.

In determining plaintiff's right to vocational rehabilitation training pursuant to MCL 418.319(1); MSA 17.237(319)(1), the WCAB is required to balance her right to such vocational rehabilitation training with defendant's right to mitigate compensation payments by offering her favored work, MCL 418.301(5)(a); MSA 17.237(301)(5)(a). In doing so, the WCAB should consider the following factors: (1) was the offer of favored work reasonable and made in good faith; (2) what type of work was offered to the employee; (3) is there potential for future advancement for the employee in light of the favored work offered and the employee's physical disabilities; (4) is the favored work within the employee's physical capacity to perform; (5) does the employee have the necessary training or experience to perform the favored work; (6) does the employee have good and reasonable cause to refuse to perform the favored work; (7) has the employee taken specific steps towards

obtaining vocational rehabilitation training; and (8) will such vocational rehabilitation training enable the employee to be restored to useful employment?

The above factors are not exclusive, and the WCAB is free to consider any other relevant factors. After balancing the relevant factors, the WCAB is required to determine whether plaintiff is entitled to vocational rehabilitation training.

Reversed and remanded. We do not retain jurisdiction.