NOCK v M & G CONVOY, INC (ON REMAND)

Docket No. 157664. Submitted January 11, 1994, at Detroit. Decided March 8, 1994, at 9:00 A.M. Leave to appeal sought.

William J. Nock, an over-the-road truck driver for M & G Convoy, Inc., was awarded workers' compensation benefits for an injury to his eye. The referee's decision that the injury was work-related was reversed by the Workers' Compensation Appeal Board. The Court of Appeals, REILLY, P.J., and BRENNAN and CONNOR, JJ., denied leave to appeal in an unpublished opinion per curiam, decided April 3, 1992 (Docket No. 142980). The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for consideration as on leave granted. 441 Mich 862 (1992). The injury occurred after Nock left his home in Pittsburgh, made several deliveries in Ohio, and arrived at the employer's home terminal in Detroit. The plaintiff's employment required that he stay in Detroit overnight, and the defendant paid the cost of the plaintiff's motel room. After checking into the motel and filling out some paperwork, the plaintiff went to dinner with a fellow driver. They purchased food, which they took to a bar where several other drivers had congregated. The plaintiff stayed at the bar for several hours. Later in the evening, he intervened in an altercation in the bar's parking lot between some fellow drivers and other individuals, and was hit in the eye. The eye had to be surgically removed as a result of the injury, and the plaintiff is no longer able to work as a truck driver.

On remand, the Court of Appeals held:

1. The appeal board properly found that the business portion of the plaintiff's trip had terminated before his injury occurred and that the injury arose out of a social or recreational activity that lacked sufficient nexus to the plaintiff's employment with the defendant to be compensable.

2. The appeal board's findings of fact are supported by competent evidence. Its conclusion that the injury was not work-related was not erroneous as a matter of law.

3. Pursuant to MCL 418.301(3); MSA 17.237(301)(3), injuries

REFERENCES

Am Jur 2d, Workers' Compensation §§ 287, 296.
See ALR Index under Workers' Compensation.

are not compensable if the major purpose of the event during which they are incurred is social or recreational.

Affirmed.

WORKERS' COMPENSATION — WORK-RELATED INJURIES.

An employee going to or from work, while on the premises where the employee's work is to be performed, and within a reasonable time before or after working hours, is presumed to be in the course of employment; notwithstanding this presumption, an injury incurred by an employee in the pursuit of an activity the major purpose of which is social or recreational is not covered under the Workers' Disability Compensation Act (MCL 418.301[3]; MSA 17.237[301][3]).

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden*) (*Daryl Royal*, of Counsel), for the plaintiff.

*Grzanka Grit* (by *Charles F. Grzanka*), for the defendant.

ON REMAND

Before: HOOD, P.J., and R.J. DANHOF* and J. STEMPIEN,** JJ.

PER CURIAM. This is a workers' compensation case. Plaintiff appeals, following a remand by our Supreme Court, as on leave granted.

Plaintiff was awarded benefits by a hearing referee for an injury to his eye. That decision was reversed by the Workers' Compensation Appeal Board. Plaintiff sought leave to appeal to this Court, which was denied in an unpublished opinion per curiam of this court, decided April 3, 1992 (Docket No. 142980). Plaintiff sought leave to appeal to the Supreme Court, which, in lieu of grant-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1993-6.

** Circuit judge, sitting on the Court of Appeals by assignment.

ing leave to appeal, remanded for consideration as on leave granted. 441 Mich 862 (1992). We now affirm.

Plaintiff was an over-the-road truck driver for defendant. On the day of the injury, he left his home in Pittsburgh, made deliveries to several cities in Ohio, and arrived in Detroit—defendant's home terminal—at about 6:00 P.M. After checking into a motel near the terminal, plaintiff filled out some paperwork and left with a fellow driver to buy dinner. The two bought food at one establishment and took it to a bar next to the restaurant where several of defendant's truck drivers had congregated. At the bar, plaintiff played pool but had little to drink.

During the evening, a stranger threatened one of plaintiff's fellow drivers with a broken pool cue. Plaintiff and another person intervened and prevented a fight. Later, plaintiff heard an altercation in the parking lot and discovered the same stranger and a group of other people assaulting two other fellow drivers. Plaintiff again intervened, was hit on the head with a broken pool cue, and lost an eye. He is no longer able to work as a truck driver.

The hearing referee found that plaintiff's injury was work-related and awarded him benefits. The WCAB reversed, finding that "the business portion of plaintiff's trip had terminated prior to his severe injury." It further found that "plaintiff's injury did arise out of a social or recreational activity which lacks sufficient nexus to plaintiff's employment with defendant to be compensable." We agree.

The question whether plaintiff's injury arose "out of and in the course of his employment may be a question of law or one primarily of fact, or a mixed question of law and fact." *Koschay v Bar-*

*nett Pontiac, Inc,* 386 Mich 223, 225; 191 NW2d 334 (1971). On appeal, the WCAB's "findings of fact made . . . [while] acting within its powers, in the absence of fraud, shall be conclusive" if there is any competent evidence to support them. MCL 418.861; MSA 17.237(861); Const 1963, art 6, § 28; see also *Sell v Mitchell Corp (On Remand),* 198 Mich App 683, 685-686; 499 NW2d 413 (1993). "[Q]uestions of law involved in any final order of the board" shall be reviewed as provided by law. MCL 418.861; MSA 17.237(861). "This review shall include, as a minimum, the determination whether such final decisions . . . . are authorized by law." Const 1963, art 6, § 28.

Appellant concedes that the WCAB's findings of fact are supported by competent evidence. Therefore, the only question is whether its conclusion that plaintiff's injury was not work-related is erroneous as a matter of law. Although we sympathize with plaintiff, who suffered his disabling injury while going to the aid of another, we find that it is not.

In its decision, the WCAB acknowledged the following general rule:

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdiction[s] to be within the course of their employment continuously during the trip, except when a distinct [departure] on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable. [1A Larson, Workmen's Compensation Law, § 25.00, p 5-275 (1993).]

The WCAB found, however, that plaintiff's injury arose "out of a social or recreational activity which lack[ed] sufficient nexus to plaintiff's em-

ployment with defendant to be compensable." For this holding, the WCAB relied on the amended language of MCL 418.301(3); MSA 17.237(301)(3), which took effect about six months before plaintiff's injury:

> An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment. *Notwithstanding this presumption, an injury incurred in the pursuit of an activity the major purpose of which is social or recreational is not covered under this act.* Any cause of action brought for such an injury is not subject to section 131. [Emphasis added.][1]

The WCAB found "as a fact that plaintiff's patronage of the . . . bar for several hours on the evening of July 13, 1982, was an activity, the major purpose of which was social or recreational" even though "defendant paid plaintiff's motel room and plaintiff's employment with defendant did require that he stay in Detroit." It concluded that "plaintiff deviated from any arguably work-related or work-required aspects of his over-the-road truck driving duties such that any nexus between plaintiff's injury and his employment for defendant was broken."

We agree with the general rule that, in many situations, injuries incurred during overnight travel should be treated differently from other injuries. However, we are constrained in applying that general rule by the language of § 301(3). After reviewing that language carefully, we find that we cannot agree that the social-activity amendment

---

[1] We have found no published cases construing the language of this amendment or of its predecessor.

applies only to situations covered by the presumption preceding it, that is, only to injuries sustained during social activities occurring on the way to work, at work, or during a reasonable time before and after work.

The presumption contained in § 301(3) was clearly intended to broaden coverage and ease the burden of proof in certain situations. On the other hand, we find that the language of the amendment and of its predecessor[2] evidences an intent to ensure that, despite the presumption, injuries incurred in certain situations would not be covered. Thus, we find that the amendment must be given its clear and plain meaning: Injuries are not compensable if the "major purpose" of the event during which they are incurred is social or recreational. Complaints about the wisdom or fairness of this amendment should be addressed to the Legislature.

Affirmed.

---

[2] Before the amendment, the relevant portion of § 301(3) stated that "[n]otwithstanding this presumption, an injury incurred exclusively in the pursuit of a social or recreational activity is not covered under this act."