Fireman's Fund Indemnity Co., Appellant, *v.* Shelby Mutual Casualty Co., Appellee.

(No. 7716—Decided May 18, 1953.)

*Messrs. Dolle, O'Donnell, Cash, Fee & Hahn,* for appellant.
*Messrs. Davis & Farley,* for appellee.

Matthews, P. J. This is an action by one insurance company to compel another insurance company to contribute a share of a sum of money paid by one in proportion to the ratio their policies bear to one another. The Court of Common Pleas rendered judgment for the defendant. This appeal on questions of law is from that judgment.

The plaintiff issued a ''comprehensive general liability'' policy to Moskowitz Bros. Among other things, it insured Moskowitz Bros. against loss from ''bodily injury liability'' in favor of any individual in a sum not exceeding $100,000. The policy contained a condition limiting its liability in the event of other insurance in this language:

''If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of li-

ability of all valid and collectible insurance against such loss.''

The defendant issued to Jack Hoffman and Sam Greenbaum, doing business as Apex Waste Material Company a ''national standard automobile'' policy insuring them against loss not exceeding $50,000 to any person for bodily injury caused in the operation of specified trucks in the conduct of their business. The policy contained a provision that ''use of the automobile for the purposes stated includes the loading and unloading thereof.'' It also contained a definition of insured, as follows:

''With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.''

The policy included also a provision similar to that contained in the plaintiff's policy, limiting liability to a proportionate amount of the loss in the event the insured had other insurance.

On October 20, 1950, while both insurance policies were current, Sam Greenbaum was injured while on the premises of Moskowitz Bros. A truck owned by Hoffman and Greenbaum, doing business as Apex Waste Material Company, arrived, loaded with scrap metal, which they had sold to Moskowitz Bros. The truck was one, in the operation of which, the defendant had agreed to indemnify Apex Waste Material Company against loss resulting from claims based on bodily injury. The truck was backed into the loading dock of Moskowitz Bros. Two employees of Moskowitz Bros. were engaged in dragging an iron plate,

six feet square, along the dock, intending to use it to bridge from the rear of the truck to the dock. As they were passing Sam Greenbaum, the plate slipped from their grasp and fell on Greenbaum's foot, injuring it.

Greenbaum made claim against Moskowitz Bros. for damages on account of his injuries. Moskowitz Bros. notified their insurer, the plaintiff in this case. The plaintiff notified the defendant and called upon it to pay a proportionate share of any settlement.

Greenbaum commenced an action against Moskowitz. The defendant refused to participate in the defense of the action on the ground that the unloading of the truck had not begun and "therefore Moskowitz Bros. was not an insured under its policy."

Thereafter, the plaintiff compromised the claim for $2,750, which, it is agreed, was reasonable, and it was agreed also that $400 was a reasonable fee for services in that case. This action is for $1,050, which is one-third of the total.

Much of the argument before us was devoted to a discussion of whether the unloading of the truck was in process at the time Greenbaum was injured. On the one hand, the defendant contended, as it did in its refusal to participate, that the unloading had not started; and, on the other hand, the plaintiff contended that the unloading had begun within the meaning of the policy. Each cited and commented on many cases to elucidate this point. However, we do not believe the decision of the case requires a decision on that point.

We prefer to place our affirmance of this judgment upon two other reasons advanced by defendant, either of which we deem sufficient.

(1) As already noted, both policies contained a provision limiting the insurer's liability to a proportionate share in the event its insured had other insurance. Assuming that its insured (Moskowitz Bros.) had

other insurance, the limit of the plaintiff's liability was its proportionate share. If its insured had no other insurance, then the plaintiff's obligation was to afford complete indemnity to the maximum amount named in the policy. In either contingency, any payment made by it was in discharge of its obligation and no one else's. Any sum paid beyond its obligation was the act of a mere volunteer, giving rise to no cause of action in his favor. On this point, we are of the opinion that the case of *Farm Bureau Mutual Automobile Ins. Co.* v. *Buckeye Union Casualty Co.*, 147 Ohio St., 79, 67 N. E. (2d), 906, is dispositive of this case. We quote the sixth, seventh and eighth paragraphs of the syllabus of that case:

"One who, with knowledge of the facts and without legal liability, makes a payment of money, thereby becomes a volunteer.

"Equity will not aid a volunteer.

"If the policy of each of several insurers limits its liability to such proportion of a loss as the amount insured by such insurer bears to the total applicable limit of liability of all valid and collectible insurance against such loss, the payment by one insurer of more than its proportion of a loss creates no right to contribution from the other insurers."

(2) The other reason, equally conclusive, supporting the validity of the judgment is that the proof shows no other insurance to which the provision relating to contribution could apply.

As we view it, the plaintiff's insured had no other insurance. Its insured was Moskowitz Bros. It is not suggested that they had any other insurance covering this risk. The existence of such other insurance is essential to bring into operation the contribution provision.

It is true that Hoffman and Greenbaum, doing busi-

ness as Apex Waste Material Company, were insured against loss from claims based on personal injury under the policy issued to them by the defendant, but we fail to find any legal or equitable principle that would require it to share the burden of a risk it had not assumed.

Assuming that Greenbaum's injury was occasioned in the use of the truck of Apex Waste Material Company, that would impose no obligation upon the defendant. Its policy did not insure the partners constituting Apex Waste Material Company against accidental injury to themselves. It was indemnity insurance in their favor against the claims of others.

Greenbaum made no claim against Apex Waste Material Company, the defendant's insured. It is fundamental that a partner has no cause of action at law against the partnership of which he is a member. A litigant cannot sue himself. The rule is so fundamental and long standing that it would be difficult to trace it to its source. It is emphasized in bold type in 68 Corpus Juris Secundum, 552.

As defendant's policy imposed no liability upon it to its insured, that is an additional reason for our conclusion that defendant is under no obligation to share the plaintiff's burden of indemnifying its insured.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.