Henry A. Hudson, J.
The defendant has moved pursuant to rule 106 of the Eules of Civil Practice to dismiss the plaintiff’s complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.
The complaint alleges that both plaintiff and defendant are liability insurance companies carrying automobile liability insurance upon the same assured; that the insured automobile was involved in an accident; that the policies issued by both the plaintiff and defendant were in full force and effect at the time of the accident; that the plaintiff did not know of the existence of the policy of insurance issued by the defendant until some three months after the accident whereupon the plaintiff notified the defendant of the accident and demanded a joint defense of all claims and also demanded contribution for the defendant’s prorata share of the losses already paid by the plaintiff and further demanded contribution for any future payments made by reason of such accident. That as a result of the accident and apparently after a notice previously alleged, the plaintiff further alleges: “ 10. That as a result of the aforesaid accident, the plaintiff herein has been caused to spend $6,750.00 in payment of claims resulting from the aforesaid accident, together with the cost of investigating and defending legal actions commenced by several of the claimants.” The plaintiff further alleges that a demand had been made upon the *491 defendant to contribute its one-half prorata share of the losses sustained by the plaintiff herein and payment had been refused.
Nowhere in the complaint is there an allegation of a refusal upon the part of the defendant to fulfill any obligations which it might have under its policy. Nowhere in the complaint is there any allegation of any notice given by the assured to the defendant of the accident or of the commencement of any action against the assured or that the assured had complied with the conditions and terms of the defendant’s policy or that there had been any breach of contract on the part of the defendant. Neither is there any allegation that a judgment was obtained against the assured fixing any legal liability upon the part of either the plaintiff or the defendant. Neither is there any allegation of any provision in either the contract of insurance issued to the assured by the plaintiff or the defendant fixing the liability of either of the parties as between themselves by reason of the existence of two similar policies covering similar liability.
The defendant urges that any payments which were made by the plaintiff were made by it voluntarily as a settlement or adjustment of certain claims made against the assured either before an action was instituted or after the institution of an action but before any trial thereof and before any judgment was obtained. The defendant insists that any such payments on the part of the plaintiff were made by it as a volunteer. The defendant relies upon cases decided for the most part in the State of Ohio, principally the following: Farm Bureau Mut. Automobile Ins. Co. v. Buckeye Union Gas. Co. (147 Ohio St. 79) and Firemen’s Fund Ind. Co. v. Shelby Mut. Gas. Co. (95 Ohio App. 88).
In these cases the court held that an insurance carrier who paid the full amount of a claim against its assured, who had similar insurance with another carrier, acted as a volunteer in paying the full amount of the assured’s liability when the policy of insurance issued by the two insurance companies carried identical provisions that they should share equally in any liability of the assured and that no recovery could be had. The decision, however, turned upon an interpretation of the provisions of the insurance policies involved.
The plaintiff relies primarily upon Detroit Automobile Inter-Ins. Exch. v. Detroit Mut. Automobile Ins. Co. (337 Mich. 50) and Commercial Std. Ins. Co. v. American Employers Co. (209 F. 2d 60). These two cases involve a controversy between two insurance companies under similar circumstances to those involved in the present case but in each of those cases a judg *492 ment had first been obtained against the assured so that legal liability had been fixed. The insurance policies issued by both companies contained provisions for subrogation of the carrier paying a loss to the rights of the assured against the other carrier and also contained a provision that two insurance companies carrying similar insurance on the same assured should be equally liable for any loss by the assured. In at least one of the cases, allegations of a breach of contract with the assured and notice to the insurance company declining liability were set forth in the complaint. In the cases relied upon by the plaintiff, the court held the defendant liable for equal contribution.
Both of the parties have conceded that the legal question involved has never been passed upon by the courts of Mew York State.
In view of the deficiency of the complaint in this action, as stated above, it is unnecessary for the court to pass upon the question of law involved. In the first instance, the court is limited only to the allegations in the complaint itself, in determining this motion. There is nothing contained in the complaint from which the court can determine what, if any, liability exists in favor of the plaintiff and against the defendant under the terms of either of the insurance policies alleged to have been issued by each. There are no allegations sufficient to charge any liability to the defendant by reason of its alleged contract of insurance with the assured. There are no allegations from which the court can determine that there was any contractual liability between the plaintiff and the defendant.
I am of the opinion that the complaint is defective and that the motion of the defendant should be granted, with $10 costs without prejudice, however, to the plaintiff to serve an amended complaint within 20 days after the service upon it of a copy of the order herein granted setting forth a good and sufficient cause of action against the defendant. Order accordingly.