**Loyd WARD, Plaintiff-Appellant,**

v.

**STATE FARMERS MUTUAL TORNADO
INSURANCE COMPANY OF MIS-
SOURI, Defendant-Respondent,**

Peggy Lee Ward, a Minor, by Donna Ward,
Her Next Friend; Dianna Mae Ward, a
Minor, by Her Next Friend, Donna Ward,
Interveners-Appellants.

No. 53288.

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

Rehearing Denied May 12, 1969.

David Collins, Hadley E. Grimm and Edwards, Hess & Collins, Macon, for defendant-respondent.

J. B. Smoot, Memphis, for plaintiff-appellant.

Tom Brown, Edina, for interveners-appellants.

DONNELLY, Judge.

This is a suit for declaratory judgment brought by Loyd Ward, plaintiff, against State Farmers Mutual Tornado Insurance Company of Missouri, defendant, in which Peggy Lee Ward and Dianna Mae Ward, minor children of Orville Ward, deceased, intervened.

The petition for declaratory judgment alleges in part that on the 10th day of March, 1963, the defendant issued to "Ward Brothers (Loyd and/or Orville)" an automobile insurance policy; that on November 22, 1963, while the policy was in full force and effect, Loyd Ward was driving the insured truck, and his brother, Orville Ward, one of the partners of Ward Brothers, was a passenger in the truck; that an accident occurred and Orville Ward received injuries from which he died on January 12, 1964; that on September 16, 1964, a petition was filed in the Circuit Court of Knox County, Missouri, in which Peggy Lee Ward and Dianna Mae Ward are plaintiffs and Loyd Ward is defendant; that in said petition Peggy Lee Ward and Dianna Mae Ward seek to recover damages from Loyd Ward for the wrongful death of their father, Orville Ward; that under the terms of the policy the defendant insurance company is obligated to pay on behalf of Loyd Ward any judgment that might be rendered against Loyd Ward, and is obligated to defend Loyd Ward against the action brought against him by Peggy Lee Ward and Dianna Mae Ward, and to pay all expenses in connection therewith, including all costs that might be taxed against him; and that the defendant insurance company, although requested to do so, has failed and refused to defend the action by Peggy Lee Ward and Dianna Mae Ward, and has notified Loyd Ward that it will not pay any judgment rendered against him in said action.

The trial court found "that defendant is not obligated under the terms and provisions of the policy in evidence to defend plaintiff in the damage suit which is pending in the Circuit Court of Knox County, Missouri, in which interveners are the plaintiffs and plaintiff herein is the defendant; that in the event a judgment is rendered against plaintiff [Loyd Ward] in said damage suit, defendant [insurance company] will not be obligated to pay said judgment; * * *." Plaintiff, Loyd Ward, and interveners, Peggy Lee Ward and Dianna Mae Ward, appealed to this Court.

The petition for the wrongful death of Orville Ward, deceased, filed by Peggy Lee Ward and Dianna Mae Ward, seeks damages in the amount of $25,000. Jurisdiction is in this Court. Crouch v. Tourtelot, Mo.Sup., 350 S.W.2d 799.

Loyd Ward and Orville Ward operated a jointly-owned farm in Knox County, Missouri. They jointly bought and sold livestock. Both devoted full time to the joint operation. On the day of the accident, while on partnership business, with Loyd Ward operating the partnership truck, they were "headed for a cattle sale in Edina, Missouri, for the purpose of purchasing cattle for their joint operation." The parties agree a partnership existed. Section 358.060, RSMo 1959, V.A.M.S.

■ In the policy of insurance, the named insured is "Ward Brothers (Loyd &/or Orville)." The question is whether the insurance policy provides coverage for the wrongful death of Orville Ward. Appellants introduced the policy in evidence and seek a construction of its provisions. Therefore, in determining the question of coverage, we will "consider any clause or provision therein [even though not pleaded] which may shed light upon any of its other provisions." Ward v. Curry, Mo. Sup., 341 S.W.2d 830, 838.

The applicable general rules of law are well-stated in McKinney v. Truck Insurance Exchange, Mo.App., 324 S.W.2d 773, 777, as follows: "Insurance contracts should be construed by the same general rules applicable to other written contracts. * * * Where there is no ambiguity, there is no room for construction, and the unequivocal language of the contract must be given its plain meaning unless contrary to public policy or positive law. * * * Of course, if the contract is reasonably open to different constructions, the one most favorable to the insured must be adopted; but that principle does not authorize a perversion of language or the exercise of inventive power to create an ambiguity when none exists. * * * And, as the lodestar of construction of other contracts is the intention of the parties * * *, so a court discharges its full duty with respect to construction of an insurance

contract when it ascertains and gives effect to the intention of the parties thereto. * * *"

We must first conclude that, if we assume Orville Ward was a named insured under the policy, the policy does not provide coverage for his wrongful death because Exclusion F of the policy provides that the policy does not apply " * * * (2) to bodily injury to the insured * * *." Appellants urge, however, that the "only logical conclusion to be drawn is that the insured is the partnership by the name of Ward Brothers."

We, therefore, consider the issue as appellants present it, and determine whether, if we assume "the partnership by the name of Ward Brothers" is the named insured, the policy of insurance provides coverage for the death of Orville Ward.

The insurer, under the policy of insurance, agrees with the insured, to "pay on behalf of the insured all sums which *the insured shall become legally obligated to pay* as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." (Emphasis ours.)

The question then becomes whether "the partnership by the name of Ward Brothers" may "become legally obligated to pay" damages for the death of a partner (Orville Ward) resulting from negligent acts of the other partner (Loyd Ward) committed while engaged in the partnership business.

In 68 C.J.S. Partnership § 109, it is stated that an "action at law ordinarily is not maintainable between a partner and his firm."

In 1949, the General Assembly enacted § 358.130, RSMo 1959, V.A.M.S. (Section 13 of the Uniform Partnership Act), which

provides: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, *not being a partner in the partnership*, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act." (Emphasis ours.)

The effect of the enactment of § 358.-130, supra, is treated in Crane, Liability of Unincorporated Association for Tortious Injury to a Member, 16 Vanderbilt Law Review 319, 320 (1963), as follows:

"Whether a partnership should be treated as a legal entity has been discussed in connection with the drafting of the Uniform Partnership Act and its interpretation. It seems that the act is in some respects consistent with the entity theory, particularly in the creation of 'tenure in partnership' of the joint property. As to liability of the partnership for tortious injury of a member by the partners or partnership employees, it seems clearly to have adopted the non-entity or aggregate approach. Section 13 provides that the partnership is liable for loss or injury by wrongful act or omission caused to any person *not being a partner in the partnership*. This is an application of a general proposition that the participants in a joint enterprise are coprincipals as to the acts or omissions of co-participants and their employees. Under the aggregate view, partners are coprincipals. The negligence of a partner or employee is imputed to all the partners, including a partner injured thereby. He cannot sue himself for his own negligence, nor can he sue himself along with his associates, to all of whom the negligence is imputed. This rule has been carried to the extent of denying a partner injured by the concurring negligence of a third person and his copartner a right of action against the third person, as he is legally charged with contributory negligence. That under procedural rules a partnership or other un-incorporated association can be sued in the common name does not alter the substantive law as to liabilities. It makes the association an entity only for procedural purposes."

This interpretation of the effect of § 358.130, supra, is in harmony with the cases in Missouri which have followed the *aggregate* theory of partnership rather than the *entity* theory. (See Davison v. Farr, Mo.App., 273 S.W.2d 500, 502, 503, for a collection of cases in Missouri.)

We note the McKinney case, supra, recognizes that "courts have given effect to the intention of contracting parties by treating a partnership as an entity in determining and delimiting the coverage afforded by insurance policies issued to the partnership." McKinney v. Truck Insurance Exchange, Mo.App., 324 S.W.2d 773, 776. However, the McKinney case does not assist in our determination of the issues in this case. We cannot infer from the policy provisions an intention to change the substantive statutory law of the State. Section 358.130, supra. In any event, the fact situation in the McKinney case is not similar to the situation presented here, and we have not abandoned the *aggregate* theory of partnership in Missouri.

We note also that in the case of McCombs v. Ellsberry, 337 Mo. 491, 501, 502, 85 S.W.2d 135, 140 (1935), this Court said:

"* * * Assume the instant case involves a joint enterprise. Then, it involves the right of joint adventurers inter sese. The gist of an action for damages by one joint adventurer against another arising out of a personal tort, not the subject-matter of the joint enterprise, as in the instant case, is negligence, the joint adventurers become adversaries, their mutual interests cease to be factors in the litigation, and the rule for the imputation of negligence where third parties are involved, having its foundation in the mutuality of the interests of the joint adventurers, has no applica-

tion. It follows that each joint adventurer owes the duty of due care to the other or others and that their rights, in such a tort action inter sese, are governed by the rules of law applying to negligence cases. * * * To uphold appellant's contention would permit one joint adventurer while engaged in the joint enterprise to tortiously injure his coadventurer with immunity. Such is not the law."

If Loyd Ward were a named insured on the policy of insurance, and if Orville Ward were not a named insured, and if suit were brought against Loyd Ward in an individual capacity for the death of Orville Ward, Loyd Ward would be liable under the McCombs case if his negligent act caused the death, and the insurance policy would provide coverage. However, here, appellants cannot consistently contend that Loyd Ward is a named insured but that Orville Ward is not a named insured. The McCombs case does not assist appellants.

■ We recognize that when an ambiguity exists in a policy of insurance, the construction most favorable to the insured must be adopted. However, we cannot invent coverage where none existed. We reach the following conclusions:

(1) Appellants cannot contend that Loyd Ward is a named insured because, under the policy, they would then be compelled to concede that Orville Ward is also a named insured and that there is no coverage because of the provisions of Exclusion F(2);

(2) Appellants must contend, therefore, that the named insured is "the partnership by the name of Ward Brothers";

(3) In Missouri, the General Assembly has declared, by enactment of § 358.130, supra, that an action at law for tortious conduct cannot be maintained by a partner against his firm;

(4) The insurance company is not obligated to defend the suit for wrongful death and, in the event judgment is rendered against Loyd Ward in the suit for wrongful death, will not be obligated to pay said judgment or the expenses incurred in said suit. Cf. Fireman's Fund Indemnity Co. v. Shelby Mutual Casualty Company, 95 Ohio App. 88, 52 Ohio Ops. 423, 117 N.E.2d 477.

The judgment is affirmed.

All of the Judges concur.