UNITED STATES FIDELITY
& GUARANTY CO.,
Appellant,

v.

COMMERCIAL UNION INSURANCE
CO., Respondent.

No. 79004.

Supreme Court of Missouri, En Banc.

April 29, 1997.

Kathy Wilke, Daniel Wilke, Clayton, for Appellant.

Robert W. Cockerham, Russell F. Watters, T. Michael Ward, St. Louis, for Respondent.

PRICE, Judge.

United States Fidelity & Guaranty Company ("USF & G") appeals the dismissal of its action for contribution against Commercial Union Insurance Company ("Commercial"). Having previously filed an action against Commercial arising out of the very same event and praying for a "judgment by this Court declaring rights and liabilities of the parties with respect to S & P's alleged loss", USF & G is barred from raising the issue again. We affirm the judgment.

### I.

On February 11, 1989, a fire struck the S & P Oyster Company ("S & P") restaurant in St. Louis County. S & P had two insurance policies covering the full amount of S & P's claim: one with USF & G and one with Commercial. Both policies contained "other insurance" clauses. Initially, Commercial paid the full amount of the claim, $161,513.52, minus a $500 deductible. USF & G denied coverage, claiming that its policy had been canceled just prior to the fire.

S & P disputed the cancellation and sued USF & G for breach of contract, asking for the full amount of the damage claim. USF & G moved to join Commercial as a third party defendant, but the motion was overruled. USF & G then filed a declaratory judgment action against Commercial seeking a declara-

tion of the rights and obligations of S & P, Commercial, and USF & G. The petition's prayer for relief read as follows:

> Wherefore Plaintiff USF & G prays for a judgment by this Court declaring rights and liabilities of the parties with respect to S & P's alleged loss and that the Court declare and determine: That USF & G's binder of insurance issued to S & P was canceled by S & P and as a consequence, S & P had no coverage with USF & G for its fire loss of February 11, 1989; that Commercial Union's insurance policy was in force and effect for the loss claimed by S & P and Commercial Union was responsible for payment of the loss under its policy with S & P; that USF & G be awarded its attorney's fees and costs herein expended; and further that this Court grant such other and further declaratory relief as it deems necessary and proper in the circumstances.

Although USF & G only pursued a theory supporting a complete denial of coverage and did not argue for an apportionment of the loss in the event both policies provided coverage, it nonetheless asked the court to declare the "rights and liabilities of the parties with respect to S & P's alleged loss".

On October 8, 1992, summary judgment was granted on S & P's breach of contract claim against USF & G. The trial court found coverage and S & P was awarded the full amount of damages caused by the fire. On October 9, USF & G's declaratory judgment action was dismissed on the merits. The Court of Appeals, Eastern District, consolidated the appeals from the grant of summary judgment in favor of S & P, the order overruling the motion to join Commercial, and the dismissal of USF & G's declaratory judgment action. *S & P Oyster Co., Inc. v.*

*United States Fidelity & Guar. Co.,* 865 S.W.2d 379, 380 (Mo.App.1993). All three judgments were affirmed. *Id.* at 383. USF & G did not seek transfer to this Court.

On February 3, 1994, USF & G paid S & P $161,513.52 in satisfaction of the trial court's judgment. That money was disbursed to Commercial as required by its subrogation agreement with S & P. On December 7, 1994, USF & G filed an action for contribution against Commercial for half of the amount of damages on the theory of unjust enrichment. The trial court dismissed the action.

**II.**

USF & G claims that Commercial was unjustly enriched when S & P disbursed the full payment to Commercial. In response, Commercial claims that the issue of whether it owes USF & G a pro rata share of the damages was barred by res judicata. In the alternative, Commercial claims that USF & G has no right to contribution because no joint or common liability exists between two property insurers whose policies contain pro rata clauses. Because we must resolve this case on the issue of res judicata, we do not reach the issue of USF & G's alleged right to contribution.[1]

"The doctrine of res judicata precludes parties from contesting matters that the parties have had a full and fair opportunity to litigate." *State ex rel. Trotter v. Cirtin,* 941 S.W.2d 498, 499 (Mo. banc 1997) (quoting *Lay v. Lay,* 912 S.W.2d 466, 471 (Mo. banc 1995)). "The doctrine applies 'not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which

---

1. Commercial's proposition is supported by jurisprudence from a majority of states. *See, e.g., Hanover Fire Ins. Co. v. Brown,* 77 Md. 64, 25 A. 989, 991 (1893); *Fireman's Fund Indemnity Co. v. Shelby Mut. Cas. Co.,* 95 Ohio App. 88, 117 N.E.2d 477, 479 (1953); *Fidelity & Cas. Co. v. Fireman's Fund Indemnity Co.,* 38 Cal.App.2d 1, 100 P.2d 364, 366–67 (1940). Another line of cases, however, has held all conflicting "other insurance" clauses repugnant and has allowed for contribution between pro rata insurers. *See, e.g., Oregon Auto. Ins. Co. v. United States Fidelity* *& Guar. Co.,* 195 F.2d 958, 960 (9th Cir.1952); *Lamb–Weston, Inc. v. Oregon Auto. Ins. Co.,* 219 Or. 110, 341 P.2d 110, 119 (1959); *Werley v. United Services Auto. Ass'n,* 498 P.2d 112, 119 (Alaska 1972). *Arditi v. Massachusetts Bonding & Ins. Co.,* 315 S.W.2d 736, 743 (Mo.1958), the only Missouri Supreme Court case addressing the issue, adopted the reasoning of the Oregon courts. *But see Commercial Union Ins. Co. v. Farmers Mutual Fire Ins. Co.,* 457 S.W.2d 224, 227 (Mo.App.1970) (following the reasoning of the majority of states).

the parties, exercising reasonable diligence, might have brought forward at the time.'" *Id.* (quoting *King Gen. Contr., Inc. v. Reorganized Church,* 821 S.W.2d 495, 501 (Mo. banc 1991)). A party may not litigate a claim and then, upon an adverse judgment, revive the claim on cumulative grounds that could have been brought before the court in the first proceeding. *King Gen. Contr., supra,* at 501. The granting of a motion to dismiss for failure to state a claim is a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding. *Pic-Walsh Freight Co. v. Cooper,* 618 S.W.2d 449, 454 (Mo.App.1981).

■■■ USF & G contends that it is not subject to the res judicata bar because it did not and could not have raised the contribution claim in the first cause of action. It claims its right to contribution only arose after it paid the full amount of the claim. USF & G is correct that an action for contribution becomes ripe when the debt of another is paid. 16 George J. Couch & Ronald Anderson, Cyclopedia of Insurance Law section 62:153 (2d ed. rev.vol.1983); 6 John A. Appelman & Jean Appelman, Insurance Law and Practice Section 3902 (rev.vol. 1972); *see, e.g., Tindall v. Holder,* 892 S.W.2d 314, 324 (Mo.App.1994) ("[Contribution] is to be applied when one is compelled to pay more than his share of a common obligation that several persons are obligated to discharge."). In Missouri, an action for contribution prior to the payment of money is not required to be filed as a counterclaim or cross-claim. *Safeway Stores, Inc. v. City of Raytown,* 633 S.W.2d 727, 731–32 (Mo. banc 1982). Nor does the statute of limitations begin to run until money is paid. *State ex rel. General Electric Co. v. Gaertner,* 666 S.W.2d 764, 766 (Mo. banc 1984).

USF & G's argument fails, however, because it previously filed its own action against Commercial seeking a declaration of the "rights and liabilities of the parties with respect to S & P's alleged loss". Although USF & G sought only to pursue an argument that it had no liability whatsoever, a declaration of its rights in relation to Commercial also necessarily included the possibility of all or partial liability. The facts regarding any

possible apportionment were set, USF & G brought suit for the court to determine its rights with respect to Commercial, and it could not sleep on its alleged right to apportion the loss in accordance with its "other insurance" clause in such a situation.

USF & G's subsequent action for contribution was an attempt to have the issue of the parties' respective rights relitigated. The petition for the action in contribution asked for the rights of the same parties to be adjudged again with regard to the same two insurance policies and the same occurrence that caused S & P's loss. The only substantive differences between the two petitions were the designations of the actions—one for declaratory judgment and the other for contribution—and the specific theory relied on by USF & G—a full denial of coverage in one as opposed to a partial denial in the other.

Had USF & G not instituted the declaratory judgment action, it could have raised the issue of apportionment for the first time as an action for contribution. But, by filing for a declaratory judgment, seeking a "judgment by this Court declaring rights and liabilities of the parties with respect to S & P's alleged loss", USF & G necessarily was obligated to present any claim it might have had for apportionment. USF & G is now barred from pursuing that same claim under a different name.

### III.

The judgment of the trial court is affirmed.

All concur.