

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00010-CV

MARGARET L. REY                                    APPELLANT

V.

DAVID H. LEMING, PAIGE                             APPELLEES
ANDERS LEWIECKI, AND THE
COLANERI FIRM, P.C.

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is a summary judgment appeal.  The trial court granted two summary judgments, one for Appellee David H. Leming on all claims asserted against him by Appellant Margaret L. Rey and one for Appellees Paige Anders Lewiecki and

----

[1]*See* Tex. R. App. P. 47.4.

the Colaneri Firm, P.C on all claims asserted against them by Rey. For the reasons set forth below, we will affirm the trial court's summary judgments.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Rey's Prior Lawsuit

Rey filed a personal injury suit against Leming as a result of a car accident between Rey and Leming. The case proceeded to a jury trial. Leming was represented by attorney Lewiecki, who was employed by the Colaneri Firm. In response to the damages question in the trial court's charge, the jury found that $2,000 would compensate Rey for medical expenses that she incurred in the past as a result of the occurrence in question. The jury found no other damages. On April 18, 2006, Rey filed a motion for judgment notwithstanding the verdict, alleging that she was entitled to judgment in the amount of $34,265, plus prejudgment interest and costs. The trial court signed a September 1, 2006 judgment awarding Rey $2,000 in damages for medical care that she had sustained in the past. The judgment did not contain an award of costs or prejudgment interest.

On September 20, 2006, Rey filed a motion for new trial, again alleging that she was entitled to $34,265 in damages and requesting the trial court to "GRANT this Motion For New Trial and return this case to the trial docket so that the Court can then rule on Plaintiff's Motion for Judgment N.O.V." Rey attached a copy of the trial court's judgment to her motion for new trial but did not assert any objections to the trial court's judgment. Nor did Rey file a motion to modify

2

the trial court's judgment. Rey's motion for new trial was overruled by operation of law, and the trial court's plenary power over its judgment subsequently expired.

## B. Rey's Current Lawsuit

Rey then filed the present suit against Leming, against Leming's lawyer in the prior suit—Lewiecki, and against the Colaneri Firm—as Lewiecki's employer. Rey alleged that, in the prior suit, Lewiecki and the Colaneri Firm had submitted a judgment to the trial court that did not award Rey costs or prejudgment interest and had fraudulently induced the trial court to sign it by including a false certificate of conference with the proposed judgment. The certificate of conference submitted by Lewiecki and the Colaneri Firm stated that a conference was not held with Rey's counsel Frank Hernandez concerning the judgment because, although Lewiecki had attempted to contact Hernandez numerous times concerning an agreed judgment, Hernandez had failed to provide a proposed judgment, had failed to respond to correspondence Lewiecki had sent to him, and had failed to call her to discuss the proposed judgment after she had sent it to him. Rey's petition in the current lawsuit alleges that "Lewiecki has committed a deliberate fraud on the Court in that she swore in a Certificate of Conference to the Court on or about April 18, 2006, that Plaintiff's attorney had failed and/or refused to agree to the form and content of a proposed Judgment." Rey pleaded no causes of action other than the alleged fraud by Lewiecki and the Colaneri Firm.

Lewiecki and the Colaneri Firm filed a traditional motion for summary judgment. Leming filed a no-evidence motion for summary judgment. After a hearing, the trial court granted Lewiecki and the Colaneri Firm's motion for summary judgment without stating the grounds on which it was granted. The trial court later granted Leming's motion for summary judgment and entered a final judgment in the case. Rey perfected this appeal raising two issues, claiming that the trial court abused its discretion by granting the summary judgments.

### III. STANDARD OF REVIEW

### A. Traditional Summary Judgment

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

## B. No-Evidence Summary Judgment

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168

5

S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

## IV. APPLICATION OF THE LAW TO THE PRESENT FACTS

### A. Summary Judgment for Lewiecki and the Colaneri Firm

As set forth above, Rey pleaded that, "Lewiecki has committed a deliberate fraud on the Court in that she swore in a Certificate of Conference to the Court on or about April 18, 2006, that Plaintiff's attorney had failed and/or refused to agree to the form and content of a proposed Judgment." Also as set forth above, the certificate of conference submitted by Lewiecki and the Colaneri Firm stated that a conference *was not held* with Rey's counsel Frank Hernandez concerning the judgment because, although Lewiecki had attempted to contact Hernandez numerous times concerning an agreed judgment, Hernandez had failed to provide a proposed judgment, had failed to respond to correspondence Lewiecki had sent to him, and had failed to call her to discuss the proposed judgment after she had sent it to him.

6

Lewiecki and the Colaneri Firm moved for a traditional summary judgment on several grounds, including the grounds that they had conclusively negated the first element of actionable fraud—the failure to disclose a material fact—and that they had conclusively negated the first element of fraud—a material misrepresentation. Lewiecki and the Colaneri Firm attached the following summary judgment evidence to their motion:

> Exhibit B: Affidavit of Janet Colaneri and a March 21, 2006 letter from Janet Colaneri to Rey's counsel, Hernandez, "Re: I am inquiring as to the status of the Judgment."
>
> Exhibit C: Affidavit of Paige Lewiecki and an April 11, 2006 letter from Paige Lewiecki to Rey's counsel, Hernandez, "Re: Forwarding proposed judgment."
>
> Exhibit G: Affidavit of Paige Lewiecki and a September 1, 2006 letter to the trial court, "Re: Forwarding proposed judgment."
>
> Exhibit J: Affidavit of Paige Lewiecki and a September 5, 2006 letter from Paige Lewiecki to Rey's counsel, Hernandez, "Re: Forwarding signed judgment."

Rey's controverting summary judgment evidence consisted of Hernandez's affidavit, swearing that he did not have a phone conversation with Paige Lewiecki, and Lewiecki's deposition, setting out the details of her correspondence with Hernandez, Hernandez's failure to draft a proposed judgment, and Hernandez's failure to respond with corrections or suggestions to her proposed judgment.

To constitute fraud, a statement must be false. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex. 2001). Viewing all of the summary judgment

7

evidence in the light most favorable to Rey as the nonmovant, the summary judgment evidence conclusively establishes that Lewiecki did not make any false statement in the certificate of conference she included with the proposed judgment. Because the summary judgment evidence conclusively negates the first element of Rey's fraud claim—the failure to disclose a material fact or the making of a material misrepresentation, the trial court did not err by granting summary judgment for Lewiecki and the Colaneri Firm. *See Randall's Food Markets, Inc. v. Johnson*, 943 S.W.2d 640, 644 (Tex. 1995) (holding defendant's summary judgment evidence conclusively negated extreme-and-outrageous-conduct element of plaintiff's intentional infliction of emotional distress claim).

Because we affirm the trial court's summary judgment for Lewiecki and the Colaneri Firm on this ground, we need not address Rey's challenges to any other grounds for summary judgment raised in Lewiecki and the Colaneri Firm's motion for summary judgment. *Knott*, 128 S.W.3d at 216, 222. We overrule Rey's issues complaining that the trial court abused its discretion by granting summary judgment for Lewiecki and the Colaneri Firm.

## B. Summary Judgment for Leming

On appeal, Rey does not raise or brief any complaints concerning the summary judgment granted for Leming. Accordingly, any error in this ruling by the trial court has been waived through inadequate briefing. *See* Tex. R. App. P. 38.1(h), (i); *Town of Flower Mound v. Teague*, 111 S.W.3d 742, 766 (Tex. App.—Fort Worth 2003, pet. denied). We affirm the trial court's no-evidence summary

judgment granted for Leming.

## V. CONCLUSION

Having addressed both of Rey's issues claiming that the trial court abused its discretion by granting summary judgment for Lewiecki and the Colaneri Firm, and having determined that Rey waived through inadequate briefing any complaint concerning the summary judgment granted for Leming, we affirm the trial court's summary judgments.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  October 27, 2011

9