02-11-010-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00010-CV

 

 


 
 
 Margaret L. Rey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 David H. Leming, Paige Anders Lewiecki, and The
 Colaneri Firm, P.C.
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          

I.  Introduction

This
is a summary judgment appeal.  The trial court granted two summary judgments,
one for Appellee David H. Leming on all claims asserted against him by
Appellant Margaret L. Rey and one for Appellees Paige Anders Lewiecki and the
Colaneri Firm, P.C on all claims asserted against them by Rey.  For the reasons
set forth below, we will affirm the trial court’s summary judgments.

II.  Factual
and Procedural Background

A. 
Rey’s Prior Lawsuit

          Rey
filed a personal injury suit against Leming as a result of a car accident
between Rey and Leming.  The case proceeded to a jury trial.  Leming was
represented by attorney Lewiecki, who was employed by the Colaneri Firm.  In
response to the damages question in the trial court’s charge, the jury found
that $2,000 would compensate Rey for medical expenses that she incurred in the
past as a result of the occurrence in question.  The jury found no other
damages.  On April 18, 2006, Rey filed a motion for judgment notwithstanding
the verdict, alleging that she was entitled to judgment in the amount of
$34,265, plus prejudgment interest and costs.  The trial court signed a September
1, 2006 judgment awarding Rey $2,000 in damages for medical care that she had sustained
in the past.  The judgment did not contain an award of costs or prejudgment
interest.

On
September 20, 2006, Rey filed a motion for new trial, again alleging that she
was entitled to $34,265 in damages and requesting the trial court to “GRANT
this Motion For New Trial and return this case to the trial docket so that the
Court can then rule on Plaintiff’s Motion for Judgment N.O.V.”  Rey attached a
copy of the trial court’s judgment to her motion for new trial but did not
assert any objections to the trial court’s judgment.  Nor did Rey file a motion
to modify the trial court’s judgment.  Rey’s motion for new trial was overruled
by operation of law, and the trial court’s plenary power over its judgment subsequently
expired.

B. 
Rey’s Current Lawsuit

Rey then
filed the present suit against Leming, against Leming’s lawyer in the prior
suit––Lewiecki, and against the Colaneri Firm––as Lewiecki’s employer.  Rey
alleged that, in the prior suit, Lewiecki and the Colaneri Firm had submitted a
judgment to the trial court that did not award Rey costs or prejudgment
interest and had fraudulently induced the trial court to sign it by including a
false certificate of conference with the proposed judgment.  The certificate of
conference submitted by Lewiecki and the Colaneri Firm stated that a conference
was not held with Rey’s counsel Frank Hernandez concerning the judgment because,
although Lewiecki had attempted to contact Hernandez numerous times concerning
an agreed judgment, Hernandez had failed to provide a proposed judgment, had failed
to respond to correspondence Lewiecki had sent to him, and had failed to call
her to discuss the proposed judgment after she had sent it to him.  Rey’s
petition in the current lawsuit alleges that “Lewiecki has committed a deliberate
fraud on the Court in that she swore in a Certificate of Conference to the
Court on or about April 18, 2006, that Plaintiff’s attorney had failed and/or
refused to agree to the form and content of a proposed Judgment.”  Rey pleaded
no causes of action other than the alleged fraud by Lewiecki and the Colaneri
Firm.

Lewiecki
and the Colaneri Firm filed a traditional motion for summary judgment.  Leming
filed a no-evidence motion for summary judgment.  After a hearing, the trial
court granted Lewiecki and the Colaneri Firm’s motion for summary judgment
without stating the grounds on which it was granted.  The trial court later
granted Leming’s motion for summary judgment and entered a final judgment in
the case.  Rey perfected this appeal raising two issues, claiming that the
trial court abused its discretion by granting the summary judgments.

III.  Standard
of Review

A.  Traditional
Summary Judgment

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010), cert. denied, 131 S. Ct. 1017 (2011); see
Tex. R. Civ. P. 166a(b), (c).

When
a trial court’s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995).

B. 
No-Evidence Summary Judgment

          After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant’s claim or
defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence.  Id.; Timpte Indus., Inc. v.
Gish, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) & cmt.;
Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

            When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence
that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton, 249 S.W.3d at 426 (citing City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).  We credit evidence favorable to
the nonmovant if reasonable jurors could, and we disregard evidence contrary to
the nonmovant unless reasonable jurors could not.  Timpte Indus., 286
S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582
(Tex. 2006)).  If the nonmovant brings forward more than a scintilla of
probative evidence that raises a genuine issue of material fact, then a
no-evidence summary judgment is not proper.  Smith v. O’Donnell, 288
S.W.3d 417, 424 (Tex. 2009); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004).

IV.  Application
of the Law to the Present Facts

A. 
Summary Judgment for Lewiecki and the Colaneri Firm

As
set forth above, Rey pleaded that, “Lewiecki has committed a deliberate fraud
on the Court in that she swore in a Certificate of Conference to the Court on
or about April 18, 2006, that Plaintiff’s attorney had failed and/or refused to
agree to the form and content of a proposed Judgment.”  Also as set forth
above, the certificate of conference submitted by Lewiecki and the Colaneri
Firm stated that a conference was not held with Rey’s counsel Frank
Hernandez concerning the judgment because, although Lewiecki had attempted to
contact Hernandez numerous times concerning an agreed judgment, Hernandez had
failed to provide a proposed judgment, had failed to respond to correspondence
Lewiecki had sent to him, and had failed to call her to discuss the proposed
judgment after she had sent it to him.

Lewiecki
and the Colaneri Firm moved for a traditional summary judgment on several
grounds, including the grounds that they had conclusively negated the first
element of actionable fraud––the failure to disclose a material fact––and that
they had conclusively negated the first element of fraud––a material
misrepresentation.  Lewiecki and the Colaneri Firm attached the following
summary judgment evidence to their motion:

Exhibit B:  Affidavit
of Janet Colaneri and a March 21, 2006 letter from Janet Colaneri to Rey’s
counsel, Hernandez, “Re:  I am inquiring as to the status of the Judgment.”

 

Exhibit C:  Affidavit
of Paige Lewiecki and an April 11, 2006 letter from Paige Lewiecki to Rey’s
counsel, Hernandez, “Re:  Forwarding proposed judgment.”

 

Exhibit G:  Affidavit
of Paige Lewiecki and a September 1, 2006 letter to the trial court, “Re: 
Forwarding proposed judgment.”

 

Exhibit J:  Affidavit
of Paige Lewiecki and a September 5, 2006 letter from Paige Lewiecki to Rey’s
counsel, Hernandez, “Re:  Forwarding signed judgment.”

 

Rey’s
controverting summary judgment evidence consisted of Hernandez’s affidavit,
swearing that he did not have a phone conversation with Paige Lewiecki, and
Lewiecki’s deposition, setting out the details of her correspondence with
Hernandez, Hernandez’s failure to draft a proposed judgment, and Hernandez’s
failure to respond with corrections or suggestions to her proposed judgment.

To
constitute fraud, a statement must be false.  Wal-Mart Stores, Inc. v.
Sturges, 52 S.W.3d 711, 727 (Tex. 2001).  Viewing all of the summary
judgment evidence in the light most favorable to Rey as the nonmovant, the
summary judgment evidence conclusively establishes that Lewiecki did not make
any false statement in the certificate of conference she included with the
proposed judgment.  Because the summary judgment evidence conclusively negates
the first element of Rey’s fraud claim––the failure to disclose a material fact
or the making of a material misrepresentation, the trial court did not err by
granting summary judgment for Lewiecki and the Colaneri Firm.  See Randall’s
Food Markets, Inc. v. Johnson, 943 S.W.2d 640, 644 (Tex. 1995) (holding
defendant’s summary judgment evidence conclusively negated
extreme-and-outrageous-conduct element of plaintiff’s intentional infliction of
emotional distress claim).

Because
we affirm the trial court’s summary judgment for Lewiecki and the Colaneri Firm
on this ground, we need not address Rey’s challenges to any other grounds for summary
judgment raised in Lewiecki and the Colaneri Firm’s motion for summary
judgment.  Knott, 128 S.W.3d at 216, 222.  We overrule Rey’s issues
complaining that the trial court abused its discretion by granting summary
judgment for Lewiecki and the Colaneri Firm.

B. 
Summary Judgment for Leming

          On
appeal, Rey does not raise or brief any complaints concerning the summary
judgment granted for Leming.  Accordingly, any error in this ruling by the
trial court has been waived through inadequate briefing.  See Tex. R.
App. P. 38.1(h), (i); Town of Flower Mound v. Teague, 111 S.W.3d 742,
766 (Tex. App.—Fort Worth 2003, pet. denied).  We affirm the trial court’s
no-evidence summary judgment granted for Leming.

V.  Conclusion

          Having
addressed both of Rey’s issues claiming that the trial court abused its discretion
by granting summary judgment for Lewiecki and the Colaneri Firm, and having
determined that Rey waived through inadequate briefing any complaint concerning
the summary judgment granted for Leming, we affirm the trial court’s summary
judgments.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  October 27, 2011









[1]See Tex. R. App. P. 47.4.