MISSOURI, K. & T. RY. CO. OF TEXAS v. MOORE. (No. 7190.)

(Court of Civil Appeals of Texas. Dallas. June 27, 1914. Rehearing Denied Oct. 17, 1914.)

MASTER AND SERVANT (§ 88*)—EXISTENCE OF RELATION—VOLUNTEER.

That a railroad employé to repair cars and assist the depot agent in attending to baggage, but without authority to hire help, needed assistance to load a trunk into a car of a passenger train was not such an emergency as authorized him to employ a third person to assist, and the third person rendering assistance at the request of the employé was but a volunteer, and could not recover from the railroad company for an injury sustained, where the employé could have secured the needed assistance by calling

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

on other employés who at the particular moment were busy at other duties.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–151; Dec. Dig. § 88.*]

Appeal from Wood County Court; R. E. Bozeman, Judge.

Action by E. B. Moore against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

R. B. Howell, of Winnsboro, for appellant. W. W. Campbell, of Alba, for appellee.

RAINEY, C. J. Appellee's cause of action as alleged by him, in substance, is, that, being at appellant's depot in Alba, Tex., when appellant's passenger train came and stopped, he was requested by the baggageman, an assistant to the depot agent, to assist him in loading a large drummer's trunk that was then on the depot platform; that in trying to lift said trunk into the car he had one finger mashed; that an emergency existed which authorized said assistant to employ him in such work, and he was therefore in appellant's employ at the time. Appellant answered that appellee was a volunteer or trespasser in assisting to load the trunk; also pleaded contributory negligence and assumed risk. A trial resulted in a verdict and judgment for $100, from which this appeal is taken.

#### Conclusions of Fact.

Appellee was not employed by appellant, but, being at the depot when a passenger train came in, he was requested by W. I. Matthews, a car repairer, but when not repairing cars he assisted the depot agent around the depot, attending to baggage, etc., to load on the train a large drummer's trunk which was then on the depot platform. In trying to lift the trunk into the car one of his fingers was badly hurt by being mashed with the trunk.

W. I. Matthews had no authority to hire help, and, help being needed, he could have secured it by calling on other employés of the appellant, but who at that particular moment were busy at other duties. Appellant's trucks used around the depot for loading trunks and other freight were out of repair, and not being used on that day. Had such trucks been in use the accident probably would not have happened. The appellee was not under any obligation to assist in trying to load the trunk, and his acts in the premises were merely for accommodation.

#### Conclusions of Law.

W. I. Matthews had no authority from appellant to employ persons to assist him in his duties around the depot, and under the evidence there existed no such emergency, as under the law such authority was conferred upon him, as to make the appellant liable for his acts in employing appellee. Blalack v.

Traction Co., 149 S. W. 1086; Marshall Railway Co. v. Sirman, 153 S. W. 401. The trunk being large, Matthews could not well load it by himself, and needed assistance to do so. Appellee was a man 48 years of age; he had had some experience in handling trunks; he knew it was large, and evidently knew it was heavy by trying to lift it. He was not an employé of the appellant, and his services were rendered for accommodation, and hence a volunteer, which renders appellant not liable.

While ordinarily, whether or not an emergency exists is a question for the jury, we think the evidence is so lacking in probative force that we conclude the issue of an emergency was not raised, and, as it seems the case was fully developed, there is no necessity for the case to be sent back for a new trial; the judgment is reversed, and a judgment here rendered for appellant.