MISSOURI, K. & T. RY. CO. OF TEXAS v. HOOD. (No. 7250.)

(Court of Civil Appeals of Texas. Dallas. Jan. 16, 1915.)

1. WORDS AND PHRASES—"VOLUNTEER."

A "volunteer" is one who intrudes himself into a matter which does not concern him, or one who pays the debt of another without request, when he is not legally or morally bound to do so, and when he has no interest to protect in making such payment (citing Words and Phrases, Second Series, Volunteer).

2. RAILROADS (§ 17*)—AGENTS—PAYMENTS—REIMBURSEMENT—VOLUNTEER.

Where plaintiff, at the time of his employment as local agent for the defendant railroad company, was postmaster, and afterwards became agent for an express company, and where, without authority from defendant, he abandoned the building previously used by defendant for the transaction of its business and rented another building which he deemed more suitable, he was a mere volunteer in paying the rental thereof and not entitled to recover from defendant the amount of such rental.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 36–38; Dec. Dig. § 17.*]

3. APPEAL AND ERROR (§ 549*)—PRESENTATION FOR REVIEW—BILL OF EXCEPTIONS.

Where the record did not contain a bill of exceptions, as required by the amendments to the Practice Act, enacted by Acts 33d Leg. c. 59, presenting the trial court's refusal to submit the issue of res judicata, such refusal could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2441–2451; Dec. Dig. § 549.*]

Appeal from Wood County Court; R. E. Bozeman, Judge.

Action by C. Hood against the Missouri, Kansas & Texas Railway Company of Texas. From judgment for plaintiff, defendant appeals. Reversed and rendered.

Chas. C. Huff, of Dallas, and R. B. Howell, of Winnesboro, for appellant.

RASBURY, J. Appellee sued appellant in the court below for $420, alleged to be the amount paid by appellee on behalf of appellant for depot rentals, etc., at the town of Newsome, Tex., covering a period of years during which appellee was acting as agent for appellant. Appellant denied liability and alleged such payments, if made, were voluntary on the part of appellee and unauthorized by appellant, and also interposed the plea of res judicata. There was a jury trial, resulting in verdict for appellee for $97, followed by like judgment, from which this appeal is taken.

The essential facts, stated in our language and deduced from the testimony contained in the meager statement in the record, are as follows: On March 1, 1909, appellant employed appellee to act as its agent in the town of Newsome, agreeing to pay appellee a salary and a commission on sale of tickets. Appellee remained in appellant's service from March 1, 1909, until December 28, 1912. At the time of his employment by appellant, appellee was postmaster at Newsome and became agent also for the American Express Company about 1½ years after his employment. by appellant. When appellee entered appellant's employ, there was a small building owned by appellant on its right of way which had been used by its former agent for transacting appellant's business. Appellee deemed said building unsuitable, improperly furnished, and too small for housing the valuable freight received at Newsome, and for that reason carried on the business at the same place he was then conducting the business of the United States post office, and where he subsequently carried on the business of the express company. It is for the rent of said building, and one subsequently occupied in a similar manner, that he sues. Appellant knew appellee was renting a building other than the one owned by it in which to transact its business, and that appellee was claiming that appellant should reimburse him for same, but appellant never at any time authorized appellee to rent a building in which to conduct its business, and at all times declined to pay the rentals.

[1, 2] Appellant asserts that upon the facts, as we have stated them, it appears without dispute that appellee was a volunteer, as relates to the payment of rentals, and that it follows, as matter of law, that he was not entitled to recover any portion thereof. A volunteer is said to be "one who intrudes himself into matters which do not concern him," or "one who pays the debt of another without request, when he is not legally or morally bound to do so, and when he had no interest to protect in making such payment." 40 Cyc. 222–224; Words and Phrases (N. S.) 1212; Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Whiteselle v. Texas Loan Agency, 27 S. W. 309; Missouri, Kan. & Tex. Ry. Co. v. Moore, 169 S. W. 916. We agree with the contention of counsel for appellant. It seems clear that when appellee, upon his own initiative, moved appellant's business into the building in which he was conducting the business of the post office, in order to perform his duties as appellant's agent, without authority of appellant, and when appellant had a building in which it had formerly transacted its business, he "intruded" into a matter which did not "concern" him, since it was not his right to determine the suitableness or unsuitableness of appellant's public facilities, and that, when he went further and paid the rental so incurred on behalf of appellant, he "paid the

debt of another without request," when he was not "legally or morally bound to do so, and when he had no interest to protect." The reason assigned is, in our opinion, insufficient, since if there had been a loss of freight at Newsome because of insufficient depot facilities, or because there was none at all, appellee would have been liable neither to appellant nor to the public. Such loss would have been due to the negligence of appellant; and hence appellee, in that respect, had no interest to protect.

[3] We cannot consider on this appeal the refusal of the court below to submit the issue of res judicata for the reason that the record does not contain a bill of exception presenting the refusal of the court to submit such issue as tendered by appellant's special charge No. 1. It has been repeatedly held that it is necessary to present all refused special charges in such manner under the amendments to the Practice Acts as enacted by Reg. Sess. 33d Legislature, 113.

Entertaining the views herein expressed, it becomes our duty to reverse the judgment of the court below and enter judgment here for appellant, which is directed.