## DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
## *v.* DETROIT MUTUAL AUTOMOBILE INSURANCE
## COMPANY.

1. PLEADING—MOTION TO DISMISS.

    All facts pleaded in declaration in action of assumpsit are assumed to be true for the purpose of deciding a motion to dismiss.

2. WORDS AND PHRASES—VOLUNTEER.

    A "volunteer" is one who intrudes himself into a matter which does not concern him, or one who pays the debt of another without request, when he is not legally or morally bound to do so, and when he has no interest to protect in making such payment.

3. PAYMENT—VOLUNTEER.

    A person who pays a debt when he has an interest to protect is not a stranger or volunteer.

4. SAME—VOLUNTEER.

    A person is not a "volunteer" who pays a debt at the instance, solicitation, or request of the person whose liability he discharges, or of that person's agent or representative.

5. SAME—VOLUNTEER.

    A payment is not voluntary when made under compulsion, under a moral obligation, in ignorance of the real state of facts, or under an erroneous impression of his legal duty.

6. INSURANCE—PAYMENT—VOLUNTEER—CONTRIBUTION.

    Insurer who paid entire claim against its insured under an automobile insurance policy which contained a clause subrogating

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 332.
[2–6] 13 Am Jur, Contribution §§ 12, 13; 40 Am Jur, Payment §§ 159, 162 *et seq.*
[6] 29 Am Jur, Insurance §§ 1335, 1336.
[7] 3 Am Jur, Appeal and Error § 1227.

the insurer to insured's rights and limiting its liability in the event there was other insurance to its proportion of all valid insurance was not a volunteer in making such payment; hence, order dismissing its action of assumpsit, as subrogee, against another insurer for contribution under another alleged policy, because plaintiff was a volunteer, was error.

7. APPEAL AND ERROR—REMAND—DETERMINATION OF ISSUE OF FACT —INSURANCE—VOLUNTEER—PAYMENT.

Cause is remanded for determination of whether defendant had issued an insurance policy to insured for whom plaintiff insurer had paid entire claim under the public liability and property damage clause, where such issue of fact had been duly raised but judgment had been erroneously entered for defendant because plaintiff was held to have been a volunteer in the making of such payment.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 14, 1953. (Docket No. 40, Calendar No. 45,559.) Decided June 8, 1953.

Action by Detroit Automobile Inter-Insurance Exchange, a reciprocal inter-insurance exchange, by itself and as assignee of Charles W. Hudson, against Detroit Mutual Automobile Insurance Company, a Michigan corporation, for contribution for damages suffered as a result of accident between automobiles. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Erickson, Dyll, Marentay, Van Alsburg & Slocum* (*Milo M. Rouse,* of counsel), for plaintiff.

*Willans, Frisbee & Ryal* (*J. Cyril Willans,* of counsel), for defendant.

SHARPE, J. This is an action in assumpsit to recover a proportionate share of a judgment paid by plaintiff insurance company. It appears that prior to October 16, 1948, plaintiff insurance company issued a policy of automobile liability and property

damage insurance to Charles W. Hudson, which policy protected Hudson for any claim made against him arising out of the use and operation of his automobile. On October 16, 1948, Charles W. Hudson became involved in an automobile accident with one Ida Penman, resulting in losses protected by the coverage of the policy issued to Hudson. Subsequently a judgment was entered against Hudson in the amount of $1,465.93, and paid by plaintiff insurance company.

Thereafter, plaintiff insurance company notified defendant insurance company of such payment and requested reimbursement and upon refusal instituted the present action by itself and as assignee of Charles W. Hudson. In plaintiff's declaration, it is alleged that prior to October 16, 1948, defendant insurance company issued to Charles W. Hudson a policy of automobile liability and property damage insurance, and, by reason of said policy, agreed to pay on behalf of Charles W. Hudson all sums which Charles W. Hudson should become legally obligated to pay as damages for bodily injury and property damage caused by accident arising out of the ownership of the automobile covered by plaintiff's insurance policy; that notice of said accident was properly given defendant insurance company as required under the terms and provisions of the policy issued to Charles W. Hudson; that plaintiff insurance company investigated the loss and paid the judgment; that defendant insurance company had notice of the law action against Charles W. Hudson and was requested to enter its appearance on behalf of Charles W. Hudson, but that said defendant insurance company refused to defend the cause or pay any part of the judgment.

Defendant insurance company filed an answer to plaintiff's declaration in which it admits notice of the investigation of plaintiff insurance company,

but denies that it issued a policy of insurance to Charles W. Hudson.

Subsequently defendant insurance company filed a motion for judgment on the pleadings of no cause of action. The motion is largely based upon the following:

"Because under the facts alleged in said declaration plaintiff seeks contribution from defendant, to which plaintiff is not entitled as a matter of law."

Defendant's motion was granted by a judge of the common pleas court for the city of Detroit. Plaintiff insurance company appealed the cause to the circuit court of Wayne county. The circuit court affirmed the judgment of the common pleas court and held that plaintiff insurance company was a "volunteer" and as such was precluded from recovering a proportionate share of the judgment paid by plaintiff.

We shall first discuss defendant's motion for judgment of no cause of action on the pleadings. The basis of this motion is that plaintiff's declaration does not state a cause of action against defendant for the reason that plaintiff being a volunteer has no right to a contribution from defendant because of its payment of the judgment against Charles W. Hudson. For the purpose of deciding this motion, we shall assume that all facts pleaded in plaintiff's declaration are true. Plaintiff urges that because it paid the judgment against Charles W. Hudson, in the protection of its legitimate interests and by virtue of its obligation under the insurance contract, it is not a volunteer.

In 44 Words and Phrases (Perm ed), p 443, it is said:

"A 'volunteer' is one who intrudes himself into a matter which does not concern him, or one who pays the debt of another without request, when he

is not legally or morally bound to do so, and when he has no interest to protect in making such payment." *Missouri, K. & T. R. Co. of Texas* v. *Hood* (Tex Civ App), 172 SW 1120.

In 50 Am Jur, p 698, it is said:

"Where the person paying the debt has an interest to protect, he is not a stranger.

"One is not a volunteer within the rule here considered where he pays the debt at the instance, solicitation, or request of the person whose liability he discharges, or of that person's agent or representative.

"A payment is not voluntary when made under compulsion, under a moral obligation, in ignorance of the real state of facts, or under an erroneous impression of one's legal duty."

In the case at bar defendant insurance company was requested to defend the Hudson action and refused to do so. Plaintiff insurance company, by and under its contract with Hudson, agreed to pay on behalf of Hudson all sums which Hudson should become legally obligated to pay because of bodily injury and property damage caused by accident arising out of the ownership, maintenance, or use of his automobile. The policy issued to Hudson also provided that if Hudson had other insurance against the loss covered by plaintiff's policy, the plaintiff would not be liable for a greater proportion of such loss than the applicable limits of liability as said policy bears to the applicable limits of all valid and collectible insurance against such loss. Plaintiff's insurance policy also provided that upon payment of the judgment against Hudson it became subrogated to the rights of Hudson. We also note that each insurer agreed to pay the amount in dispute if the other insurance were not "valid and collectible."

Plaintiff insurance company by paying the judgment against Hudson performed the terms of its contract with Hudson and thereby became subrogated to the rights of Hudson. Under the provisions of the policies issued to Hudson, neither the plaintiff insurance company, nor the defendant insurance company was primarily liable for the entire amount of the loss. In our opinion plaintiff insurance company did not voluntarily pay the debt of defendant insurance company. It paid the judgment by virtue of the terms of the policy issued to Hudson who had a right to that protection. Plaintiff insurance company thereby became subrogated to the rights that Hudson had under and by virtue of its policy with defendant insurance company, and as such had a right to bring an action for the amount of money paid that should have been paid by defendant insurance company. It follows that the common pleas court and the circuit court were in error in granting defendant's motion for judgment on the pleadings.

We also note that defendant insurance company filed an answer to plaintiff's declaration in which it denies that it issued a policy of insurance to Hudson. This issue presents a question of fact that has not as yet been determined and should be determined by the trier of the facts. The judgment of the circuit court is reversed and the cause remanded to the circuit court with directions to vacate the order of the common pleas court, and with directions to the common pleas court to determine the issue of whether a policy of insurance was issued to Hudson by defendant insurance company as claimed by plaintiff insurance company in its declaration.

Plaintiff may recover costs.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.