AUTO-OWNERS INSURANCE COMPANY v AMOCO
PRODUCTION COMPANY

Docket No. 223572. Submitted February 13, 2001, at Detroit. Decided
March 27, 2001, at 9:05 A.M. Leave to appeal sought.

Auto-Owners Insurance Company paid as a benefit under a no-fault
automobile insurance policy covering Leroy Smithingell the cost of
Smithingell's medical care for injuries he sustained in an automo-
bile accident in the parking garage of his employer, Amoco Produc-
tion Company. Auto-Owners petitioned the Bureau of Worker's Dis-
ability Compensation for a determination of its right to reimburse-
ment by Amoco Production. A worker's compensation magistrate
decided that Smithingell's injury was work-related and that Amoco
Production must reimburse Auto-Owners for Auto-Owners' pay-
ment of Smithingell's medical expenses, with reimbursement being
limited by the schedule of maximum charges provided in adminis-
trative rules promulgated pursuant to subsection 315(2) of the
Worker's Disability Compensation Act, MCL 418.315(2). On appeal
by Auto-Owners, the Worker's Compensation Appellate Commis-
sion affirmed the magistrate's decision. Auto-Owners appealed by
leave granted.

The Court of Appeals *held*:

1. Subsection 315(1) of the WDCA, which requires an employer to
reimburse an employee for reasonable medical expenses paid by
the employee for a work-related injury, and 1988 AACS, R 418.2102,
which requires a worker's compensation insurance carrier to fully
reimburse an employee for health care expenses paid by the
employee for a work-related injury, do not authorize full reimburse-
ment of Auto-Owners inasmuch as the payments for which reim-
bursement was sought were not made by the employee, but by
Auto-Owners.

2. Auto-Owners cannot claim a right to full reimbursement as
Smithingell's subrogee because Smithingell does not have a right to
full reimbursement under subsection 315(1) and Rule 418.2102.

3. The worker's compensation magistrate correctly awarded
Auto-Owners ten percent interest under subsection 801(6) of the
WDCA, MCL 418.801(6), instead of twelve percent interest under sub-

section 852(2) of the WDCA, MCL 418.852(2). Subsection 852(2) applies to reimbursement of a carrier originally found to be liable pursuant to subsection 852(1), MCL 418.852(1), and subsequently determined not to be liable or not to be liable to the same extent as originally determined. Subsection 852(2) does not apply to Auto-Owners, which was not originally found to be liable for worker's compensation benefits and later found not to be liable or not to be liable to the same extent as originally determined.

4. The case must be remanded to the WCAC for a finding regarding the amount of medical expenses paid by Auto-Owners and the amount of reimbursement owed by Amoco Production to Auto-Owners.

Affirmed and remanded.

WORKER'S COMPENSATION — MEDICAL EXPENSES — NO-FAULT INSURERS — REIMBURSEMENT.

Reimbursement by an employer or worker's compensation insurance carrier of a no-fault insurer's payment of medical expenses related to injuries sustained by an employee in a work-related automobile accident is limited to the schedule of maximum charges provided in administrative rules promulgated pursuant to the Worker's Disability Compensation Act (MCL 418.315[2]; 1988 AACS, R 418.101-418.2324).

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Daniel J. Bebble*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendant.

Before: SMOLENSKI, P.J., and JANSEN and FITZGERALD, JJ.

JANSEN, J. Plaintiff appeals by leave granted from an order of the Worker's Compensation Appellate Commission (WCAC), which ruled that defendant's reimbursement liability to plaintiff for medical expenses paid by plaintiff for an employee of defendant is limited by the cost containment rules set forth in subsection 315(2) of the Worker's Disability Compensation

Act (WDCA), MCL 418.315(2). We affirm the WCAC's ruling, and remand for further findings.

Leroy Smithingell, an employee of defendant, was injured in an accident involving his motor vehicle when he arrived for work on January 30, 1994. Smithingell parked his vehicle in defendant's parking garage. Smithingell left the vehicle's engine running while he removed some snow that the vehicle had dragged into the garage. He then returned to his vehicle, got out of the vehicle and left the door open, and walked to the rear of the vehicle to check its position. As he did so, the vehicle rolled into him and knocked him into an adjacent wall. Smithingell suffered injuries to his hand and back. Smithingell filed a claim with plaintiff, his no-fault automobile insurer, which paid his no-fault benefits, including wage-loss and medical expenses.

On October 20, 1994, plaintiff filed a petition to determine rights, contending that Smithingell was injured during the course of his employment and that defendant was therefore liable for all benefits paid and any future benefits. Trial was held on April 19, 1995, before a magistrate. The parties stipulated that Smithingell's average weekly wage was $475 and that his period of disability was from January 30, 1994, to May 16, 1994. The magistrate mailed his opinion on May 30, 1995, and ruled that Smithingell's injury arose out of and in the course of his employment, that plaintiff was not entitled to recover from defendant no-fault wage-loss benefits paid to Smithingell,[1] and

---

[1] Reimbursement for no-fault wage-loss benefits paid by plaintiff is not an issue in this appeal. We note that the magistrate ruled that plaintiff was not entitled to recovery of no-fault wage-loss benefits because it failed to

that plaintiff was entitled to reimbursement from defendant for medical expenses paid, but that the reimbursement was subject to the cost containment rules.

Plaintiff filed its claim for review on June 26, 1995. The issues were limited to whether plaintiff was entitled to recover no-fault wage-loss benefits and whether the medical expenses paid were subject to the cost containment rules. The WCAC issued its opinion and order on April 17, 1998, affirming the magistrate's decision. Plaintiff filed for leave to appeal to this Court, and in an unpublished order entered on November 6, 1998 (Docket No. 211679), the case was remanded to the WCAC for reconsideration. On remand, the WCAC, in an opinion dated February 22, 1999, again ruled that plaintiff was not entitled to recover no-fault wage-loss benefits and that plaintiff's reimbursement for medical expenses paid was limited by the cost containment rules.

Plaintiff again filed for leave to appeal to this Court, limiting the issue to whether the cost containment rules apply to reimbursement of medical expenses paid. This Court, in an unpublished order entered on May 25, 1999 (Docket No. 218310), once again remanded the matter to the WCAC "for further consideration of whether the cost containment rules limit reimbursement under the circumstances of this case." In its opinion dated October 22, 1999, the WCAC again ruled that plaintiff's reimbursement for medical expenses was limited by the cost containment rules.

---

show that Smithingell incurred loss of wages. This is apparently because Smithingell received his wages from defendant as regular sick leave during the period that he was off work.

This Court in an unpublished order entered on April 7, 2000, subsequently granted plaintiff's application for leave to appeal. The sole issue is whether plaintiff's reimbursement for medical expenses is limited by the cost containment rules set forth in the WDCA. The issue arises because plaintiff paid more in medical expenses than a worker's compensation carrier would have had to provide as a matter of law under the cost containment rules.

The issue before us is purely one of law. This Court is empowered to review questions of law involved with any final order of the WCAC. MCL 418.861a(14). Further, the interpretation of statutes is a question of law. *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 569; 592 NW2d 360 (1999). Questions of law are reviewed de novo on appeal. *Id.* However, we will accord great weight to the administrative interpretation of the statute unless that interpretation is clearly wrong. *Id.*

Subsection 315(1) of the WDCA requires employers to pay *reasonable* medical expenses of injured employees whose injuries are covered by the WDCA. Further, subsection 315(1) provides in relevant part:

> If the employer fails, neglects, or refuses to [pay reasonable medical expenses], the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker's compensation magistrate. [MCL 418.315(1).]

The purpose of this provision is clearly to protect employees who pay for medical expenses for which the employers are responsible to pay. In this case, however, as noted by the WCAC, Smithingell did not

pay for his medical expenses; rather, plaintiff paid for the medical expenses.

A legislative attempt has been made to control medical costs in worker's compensation cases. Subsection 315(2) of the WDCA, MCL 418.315(2), requires the promulgation of administrative rules providing for maximum charges for medical procedures and treatment. These rules were promulgated in 1988. See 1988 AACS, R 418.101-418.2324. Relevant to this appeal is Rule 418.2102, which provides:

> Notwithstanding any other provision of these rules, if an employee has paid for a health care service and at a later date a carrier is determined to be responsible for the payment, then the employee shall be fully reimbursed by the carrier.

Rule 418.2102 is consistent with the requirement in subsection 315(1) of the WDCA that an employee who pays the employee's own medical expenses is to be reimbursed if those expenses are the employer's responsibility under the WDCA. Consistent with the purpose of the statutory provision, the statute requires reimbursement in full. Rule 418.2102 also requires reimbursement in full by excluding the cost containment rules from employee reimbursement situations.

Here, the WCAC described the purpose of Rule 418.2102 as a "special protection" for employees who have to pay their own medical expenses. Thus, the rule protects such employees from actual financial loss when the employer is responsible for payment under the WDCA. Noting that the rule is precisely focused on the employee, the WCAC did not construe the rule as protecting sophisticated insurers such as

plaintiff. The WCAC's interpretation of subsection 315(1) and Rule 418.2102 is entirely in accord with the clear and unambiguous language set forth in those two provisions. Clearly, the statute and the administrative rule are designed to protect employees as set forth by their clear language. Plaintiff is not an employee and therefore is not protected by the language of subsection 315(1) of the WDCA such that plaintiff is entitled to full reimbursement for medical expenses paid. Only employees are so entitled.

Further, we reject plaintiff's argument that it should be subrogated to Smithingell's position. Plaintiff is subrogated only to the employee's rights, but if the employee does not pay for the medical services directly, then there is no right in the employee to full reimbursement for the insurer to assert by way of subrogation. See *Auto Club Ins Ass'n v New York Life Ins Co*, 440 Mich 126, 135-136; 485 NW2d 695 (1992) (the subrogee is equitably subrogated to the position of the insured and acquires only those rights held by the insured). Consequently, because Smithingell did not pay for his medical expenses and was not entitled to reimbursement under subsection 315(1), there is no right for plaintiff to assert.

We also note that the result reached by the WCAC and this Court is consistent with the WDCA and the no-fault insurance act, MCL 500.3101 *et seq.* Plaintiff's claim for reimbursement stems from § 3109 of the no-fault insurance act. The relevant statutory provision states:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be sub-

tracted from the personal protection insurance benefits oth-
erwise payable for the injury. [MCL 500.3109(1).]

"The purpose of § 3109(1) is to reduce the basic cost
of insurance by requiring a setoff of those govern-
ment benefits that duplicate no-fault benefits and
coordinating those benefits a victim may receive."
*Sibley v DAIIE*, 431 Mich 164, 168; 427 NW2d 528
(1988). However, not all benefits provided or required
to be provided must necessarily be subtracted from
no-fault insurance benefits. *Id.*

In *Munson Medical Center v Auto Club Ins Ass'n*,
218 Mich App 375, 390; 554 NW2d 49 (1996), this
Court held that no-fault insurance carriers are not
entitled to invoke the cost containment provisions of
the WDCA and may not limit reimbursement to medical
providers according to the worker's compensation
scheme "given the controlling statutory language of
the no-fault act." The amount that plaintiff is entitled
to set off from its no-fault payments is determined by
reference to the WDCA, and the WDCA incorporates cost
containment provisions in § 315. Consequently, we
hold that plaintiff's reimbursement is limited by the
cost containment rules set forth in the WDCA.

Next, we address plaintiff's cursory request for
twelve percent interest under MCL 418.852(2). The
magistrate awarded plaintiff ten percent interest
under MCL 418.801(6), and the WCAC has affirmed the
magistrate's ruling in its entirety. We find no error
with respect to the award of ten percent interest
under subsection 801(6). Plaintiff is not entitled to
twelve percent interest under subsection 852(2)
because that provision does not apply by its terms.

> If a carrier or fund originally determined to be liable pursuant to subsection (1) is subsequently determined to not be liable or not to the same extent as originally determined, that carrier or fund shall be reimbursed by the liable party or parties with interest at 12% per annum. [MCL 418.852(2).]

Here, plaintiff was not originally found to be liable regarding a worker's disability compensation benefits claim. As defendant correctly states, liability for worker's disability compensation benefits was assigned to defendant, the employer, after a hearing and was never later changed. Consequently, subsection 852(2) is simply inapplicable to the present case.

Lastly, we must remand this case to the WCAC for a finding regarding the correct amount of medical expenses paid by plaintiff. At the time of the trial in April 1995, plaintiff's claims representative testified that the total amount of medical benefits paid was $9,636.64 and this amount was noted in the magistrate's opinion. However, the actual amount of medical benefits paid was never an issue before the WCAC and, therefore, the WCAC never made a factual finding regarding the amount of medical benefits paid. On appeal, plaintiff states that the total amount of medical expenses paid is $19,191.81, ostensibly because of follow-up care received by Smithingell. Because the amount of medical benefits paid is clearly in dispute and because the WCAC did not make any factual findings in this regard, we remand to the WCAC to determine the amount of medical expenses paid by plaintiff and the amount of reimbursement due to plaintiff. See *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 710-714; 614 NW2d 607 (2000). In this regard, defendant's request for sanctions is denied.

Affirmed and remanded to the WCAC for further proceedings consistent with this opinion. Jurisdiction is not retained.