**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 1, 2003**

AUTO-OWNERS INSURANCE COMPANY,

     Plaintiff-Appellant,

v                                 No. 119403

AMOCO PRODUCTION COMPANY,

     Defendant-Appellee.

---

AUTO-OWNERS INSURANCE COMPANY,

     Plaintiff-Appellee,

v                                 No. 119410

AMOCO PRODUCTION COMPANY,

     Defendant-Appellant.

---

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We granted leave to appeal to consider whether plaintiff, a no-fault insurer, is entitled to invoke the doctrine of equitable subrogation in order to receive full reimbursement from defendant, an employer that is self-insured for worker's compensation, for medical expenses that plaintiff paid on behalf of its insured, an employee of defendant who was injured during the course of his employment. The Court of Appeals affirmed the finding of the Worker's Compensation Appellate Commission (WCAC) that plaintiff's reimbursement was limited by the cost containment rules in the Worker's Disability Compensation Act (WDCA). The Court of Appeals also affirmed the magistrate's award of ten percent interest pursuant to MCL 418.801(6). Because we conclude that plaintiff is entitled to full reimbursement from defendant on the basis of the doctrine of equitable subrogation, we reverse the judgment of the Court of Appeals on this issue. Because the interest issue was not properly preserved, we decline to rule on this issue. We remand to the WCAC for a finding regarding the amount of medical expenses paid and the amount of reimbursement owed to plaintiff.

## I. FACTS AND PROCEDURAL HISTORY

After he arrived at work on January 30, 1994, Leroy Smithingell, an employee of defendant, was injured in an accident involving his motor vehicle. Defendant denied his application for worker's compensation insurance benefits on

2

the basis that the injury was not work related. Smithingell filed a claim with plaintiff, his no-fault automobile insurer, which paid no-fault benefits, including wage-loss and medical expenses.

Plaintiff filed a petition to determine reimbursement and future rights, arguing that Smithingell was injured during the course of his employment and therefore defendant was liable for all past and future benefits. The worker's compensation magistrate ruled that the accident was, in fact, work related and that plaintiff was entitled to reimbursement from defendant for medical expenses paid.[1] However, the magistrate determined that the amount of reimbursement was subject to the worker's compensation administrative cost containment rules, promulgated pursuant to MCL 418.315(2), which cap the fees that health care providers may charge employers or worker's compensation carriers for treatment of work-related injuries. The WCAC affirmed the magistrate's decision.

After two remands to the WCAC,[2] the Court of Appeals

_____

[1] The magistrate also ruled that plaintiff was not entitled to recover from defendant for the wage-loss benefits it paid. Plaintiff has not appealed this ruling, and thus, it is not before this Court at this time.

[2] On November 6, 1998, the Court of Appeals remanded the case to the WCAC for reconsideration in light of *Perez v State Farm Mut Automobile Ins Co*, 418 Mich 634, 650; 344 NW2d 773 (1984), *Luth v Detroit Automobile Inter-Ins Exchange*, 113 Mich App 289, 294; 317 NW2d 867 (1982), and MCL 418.852(1). On remand, the WCAC again affirmed the magistrate's decision.
(continued...)

granted plaintiff's application for leave to appeal and affirmed the decision of the WCAC. 245 Mich App 171; 628 NW2d 51 (2001). The Court of Appeals concluded that MCL 418.315(1), which requires an employer to reimburse an employee for reasonable medical expenses paid by the employee for a work-related injury, does not authorize full reimbursement to the no-fault insurer because the payments being reimbursed were not made by the employee. The Court also found that the magistrate correctly awarded plaintiff ten percent interest under MCL 418.801(6) and remanded the case to the WCAC for a finding regarding the amount of medical expenses paid by plaintiff and the amount of reimbursement owed by defendant.

We granted plaintiff's application for leave to appeal (Docket No. 119403) and defendant's application for leave to appeal (Docket No. 119410). 466 Mich 859; 643 NW2d 578 (2002).

## II. STANDARD OF REVIEW

This case requires us to construe certain provisions of Michigan's Worker's Disability Compensation Act. Questions of

---

[2](...continued)
On May 25, 1999, the Court of Appeals remanded the case to the WCAC a second time for a determination whether the WDCA's cost containment rules apply and the amount of reimbursement. On remand, the WCAC concluded that the cost containment rules applied to limit the reimbursement and affirmed the magistrate's ruling again.

4

statutory construction are reviewed de novo as questions of law. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). We must also consider the application of the doctrine of equitable subrogation. An inquiry into the nature, scope, and elements of a remedy is a question of law that is reviewed de novo. *Hartford Accident & Indemnity Co v Used Car Factory, Inc*, 461 Mich 210, 215, n 5; 600 NW2d 630 (1999).

### III. ANALYSIS

#### A. REIMBURSEMENT AND EQUITABLE SUBROGATION

The WDCA provides that if an employer fails to furnish an employee with reasonable medical services for the treatment of a work-related injury, the employer shall reimburse the employee for the employee's reasonable medical expenses arising out of the injury. The relevant statutory provision, MCL 418.315(1), provides:

> The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. . . . If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker's compensation magistrate. . . .

Under this provision, if Smithingell, the insured, had

5

paid the medical expenses arising out of his work-related injury, he would be entitled to reimbursement from defendant for the reasonable amount of such expenses.[3]  The question presented in this case is whether plaintiff may stand in the place of its insured, Smithingell, and be reimbursed fully by defendant for the reasonable amounts that it paid on behalf of Smithingell.[4]  The resolution of this question involves the doctrine of equitable subrogation.

This Court has explained that

---

[3] Plaintiff argued alternatively that it was entitled to reimbursement on the basis of the clause providing that "payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing . . . ."  MCL 418.315(1).  At oral argument and in its brief, plaintiff suggested that this language was broad enough to provide for payment to a third party, such as plaintiff here, who paid the employee's medical expenses for which the employer was responsible, and that it did not just apply to "unpaid expenses" owed directly to the medical provider.  Although this clause may conceivably be read to allow for such payment to a third party, the clause does not specify what the rate of reimbursement is to be, i.e., is it the "reasonable expenses" to be paid to the employee unlimited by the cost containment rules, or is it the expenses limited by the cost containment rules?  Because this clause does not provide any answer to the question immediately before us—whether plaintiff is entitled to full reimbursement of the expenses—we do not rely on it as the basis for our decision.

[4] The Court of Appeals, although allowing defendant to be reimbursed, limited the amount of reimbursement to the fees contained in the cost containment rules promulgated pursuant to MCL 418.315(2).  These rules limit the amount that health care providers may charge employers or worker's compensation carriers for medical treatment of work-related injuries. Applying the cost containment rules to a reimbursement amount due a no-fault insurer, such as plaintiff, can result in the no-fault insurer being reimbursed for less than what it actually paid.

6

> [e]quitable subrogation is a legal fiction through
> which a person who pays a debt for which another is
> primarily responsible is substituted or subrogated
> to all the rights and remedies of the other. It is
> well-established that the subrogee acquires no
> greater rights than those possessed by the
> subrogor, and that the subrogee may not be a "mere
> volunteer." [*Commercial Union Ins Co v Medical
> Protective Co*, 426 Mich 109, 117; 393 NW2d 479
> (1986) (opinion by WILLIAMS, C.J.) (citations
> omitted).]

When an insurance provider pays expenses on behalf of its insured, it is not doing so as a volunteer. *Auto Club Ins Ass'n v New York Life Ins Co*, 440 Mich 126, 132; 485 NW2d 695 (1992). The nature of the claim asserted by the subrogee is determined by the nature of the claim that the subrogor would have had. *Id*. at 135.

Turning to the case before us, it is noteworthy that the facts of *New York Life* are similar to those presented here. In *New York Life*, the plaintiff no-fault insurance carrier paid most of the medical expenses of its insured and then sued the defendant health insurance carrier, whose coverage of the insured was primary, for reimbursement. The Court recognized that when an insurance carrier pays the expenses of its own insured pursuant to an insurance contract, it is not acting as a volunteer. *Id.* at 132, citing *Detroit Automobile Inter-Ins Exchange v Detroit Mut Auto Ins Co*, 337 Mich 50; 59 NW2d 80 (1953). Because the no-fault insurer was protecting its own interests and not acting as a volunteer when it paid the

7

insured's medical expenses, it was entitled to invoke the doctrine of equitable subrogation. The Court explained that the no-fault insurer

> as subrogee, is asserting the insured's right to "maintain a cause of action against a primary insurer for the latter's bad-faith failure to [satisfy its policy obligations]." *Commercial Union*, 426 Mich 119. It "is equitably subrogated to the position of the insured and acquires no lesser or greater rights than those held by the insured." *Id*. [*New York Life*, *supra* at 136.]

The nature of a lawsuit by a no-fault insurer as subrogee is to be determined by looking at the nature of the claim that the insured would have had against the primary insurer. In *New York Life*, the Court found that the no-fault insurer, as subrogee, was asserting the insured's right to maintain a cause of action against the primary insurer on the basis of the primary insurer's bad-faith failure to satisfy its policy obligations. The Court relied on precedent that had explained:

> "Since the insured would have been able to recover from the primary carrier for a judgment in excess of policy limits caused by the carrier's wrongful refusal to settle, the excess carrier, who discharged the insured's liability as a result of this tort, stands in the shoes of the insured and should be permitted to assert all claims against the primary carrier which the insured himself could have asserted." [*Id*. quoting *Commercial Union*, *supra* at 118 (citations omitted).]

In this case, the Court of Appeals agreed with the WCAC that MCL 418.315(1) was designed to protect only employees,

8

and not an insurer such as plaintiff. Additionally, the Court rejected plaintiff's argument that it was entitled to equitable subrogation, finding that because Smithingell had not paid his medical expenses himself, Smithingell had no right to reimbursement from defendant and therefore plaintiff did not have a right to full reimbursement for the amounts it paid on behalf of Smithingell. Instead, the Court concluded that plaintiff's reimbursement was limited by the WDCA's cost containment rules.

In light of the decision in *New York Life*, however, we disagree with the Court of Appeals conclusion that plaintiff's reimbursement is capped by the cost containment rules of the WDCA. In *New York Life*, the no-fault insurer paid most of the insured's medical expenses and was permitted to recover from the primary insurer by maintaining the cause of action that *would have* accrued to the insured, had the insured paid his own medical bills. The fact that the insured did not pay his bills was precisely the reason the no-fault insurer, which did pay the bills, was permitted to recover the same reimbursement as that to which the insured would have been entitled had he paid his bills. We believe that the decision in *New York Life* properly explained and applied the doctrine of equitable subrogation to the facts of that case. In particular, the Court in *New York Life* explained that "the nature of the

present suit by [the subrogee] is determined by the nature of the claim that [the insured] would have had against [the primary insurer]." *New York Life*, *supra* at 135. We believe this reasoning applies with equal force to this case.

Applying the reasoning of *New York Life* regarding the subrogation issue to the facts of this case, we conclude that plaintiff is entitled to full reimbursement from defendant on the basis of the doctrine of equitable subrogation. Here, plaintiff, the no-fault insurer, paid for Smithingell's medical expenses. In doing so, plaintiff, because it is a no-fault insurer, was not entitled to limit its payment pursuant to the cost containment provisions of the WDCA. *Munson Medical Center v Auto Club Ins Ass'n*, 218 Mich App 375, 390; 554 NW2d 49 (1996). However, defendant, which was liable for the medical expenses, would have been able to limit its payment to the WDCA cost containment provisions because of its status as self-insured for worker's compensation, had it actually paid Smithingell's medical expenses. The worker's compensation magistrate found that defendant was liable for Smithingell's medical expenses as the worker's compensation insurer because the injury was work related. If Smithingell had paid his expenses, he would, under the statute, be entitled to full reimbursement from defendant for his reasonable medical expenses because the injury was work related. The principle

of equitable subrogation allows plaintiff to assert the right of Smithingell, its insured, to receive full reimbursement from defendant.[5] The fact that Smithingell did not pay his own expenses, and plaintiff did, is exactly the reason plaintiff is entitled to assert this right.[6]

Defendant argues that MCL 418.315(1), which sets forth when an employer will reimburse an employee for reasonable

---

[5] We note that the application of the doctrine of equitable subrogation under these circumstances is consistent with, and indeed, is supportive of, the general purpose of subsection 315(1) to provide employees with full reimbursement for their reasonable medical expenses. When, as here, the worker's compensation insurer is found to be responsible for the employee's medical expenses, which it previously refused to pay, and the no-fault insurer honors its contract by making payment on behalf of the insured at rates that are not capped by the reduced worker's compensation cost containment rules, we see no reason to deny the no-fault insurer full reimbursement for the reasonable expenses that it paid when the employee would be entitled to such reimbursement. Obviously, to deny the no-fault insurer full reimbursement would provide disincentive to prompt payments on behalf of the employee. Further, to cap the no-fault insurer's reimbursement at the cost containment levels, which benefit only worker's compensation insurers, would afford no incentive for the worker's compensation insurer to pay the medical expenses in the first place because it would never have to pay more than the reduced amounts of the cost containment schedule, even when later ordered to reimburse the no-fault insurer. Thus, a limitation on reimbursement effectively penalizes the no-fault insurer for abiding by its contract with the insured and paying promptly the greater rates to which it is subject, while providing no incentive to the worker's compensation insurer to pay promptly the medical bills for which *it* is responsible.

[6] Because we conclude that plaintiff is entitled to recover pursuant to the doctrine of equitable subrogation, we need not address plaintiff's alternative arguments for full reimbursement.

expenses, applies only to the employee and not to a no-fault insurer like plaintiff.  Further, defendant argues that this is the employee's exclusive remedy, citing MCL 418.131(1), which provides that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease."  While we recognize that the WDCA contains an "exclusive remedy" provision applicable to the employee, we note that its existence does not prevent plaintiff from seeking to recover under a theory of equitable subrogation, which is separate and independent of the remedies contained in the WDCA.  The Court in *New York Life* addressed the interplay between the no-fault act and the doctrine of equitable subrogation and concluded that the statute of limitations contained in the no-fault act, which by its terms applied to an action to recover personal protection insurance benefits, did not apply to bar a no-fault carrier's equitable subrogation claim, which was based on the claim that the insured *would have had* against the primary insurer.  In light of this, the common-law equitable subrogation claim fell outside the scope of the no-fault act.  *New York Life*, *supra* at 135-138.  Similarly, plaintiff's recovery here, which is predicated on the doctrine of equitable subrogation, is not limited by the WDCA.

12

For these reasons, we reverse the judgment of the Court of Appeals limiting the amount of reimbursement to the WDCA's cost containment provisions.  We affirm the judgment of the Court of Appeals remanding the case to the WCAC for a determination of the amount of medical expenses paid and the amount of reimbursement due.

### B.  INTEREST

The magistrate awarded plaintiff ten percent interest pursuant to MCL 418.801(6), which provides:

> When weekly compensation is paid pursuant to an award of a worker's compensation magistrate, an arbitrator, the board, the appellate commission, or a court, interest on the compensation shall be paid at the rate of 10% per annum from the date each payment was due, until paid.

The Court of Appeals found no error in the magistrate's award and noted that plaintiff was not entitled to twelve percent interest pursuant to MCL 418.852.  The Court found § 852, which provides as follows, to be inapplicable because it does not, by its own terms, apply under these circumstances:

> (1)  The liability of a carrier or fund regarding a claim under this act shall be determined by the hearing referee or worker's compensation magistrate, as applicable, at the time of the award of benefits.
>
> (2) If a carrier or fund originally determined to be liable pursuant to subsection (1) is subsequently determined to not be liable or not to the same extent as originally determined, that carrier or fund shall be reimbursed by the liable party or parties with interest at 12% per annum.

Defendant argues that the judgment of the Court of

13

Appeals affirming the ten percent interest award should be reversed. However, neither party requested that the WCAC review the interest award, as required by MCL 418.861a(11), which states that, "The commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed."

In its appeal to the WCAC, plaintiff asserted error related to two issues: (1) the magistrate's finding that it was not entitled to wage-loss benefits and (2) the magistrate's ruling that the reimbursement was subject to the cost containment rules. In its cross-appeal to the WCAC, defendant argued that Smithingell's injuries did not occur in the course of his employment. Because the interest issue was not presented to the WCAC, the WCAC never specifically addressed the question whether the magistrate properly awarded interest. Rather, the WCAC's opinions merely affirmed the magistrate's decision in its entirety.

In light of the fact that neither party presented the interest issue to the WCAC, it appears that this issue was not properly preserved pursuant to MCL 418.861a(11). The question whether the interest award was appropriate was first raised by defendant in its brief in response to plaintiff's brief in the Court of Appeals. The Court of Appeals briefly addressed this question and found no error in the magistrate's award of ten

14

percent interest.[7] Defendant then filed its application for leave to appeal with this Court, asserting that the award of interest should be reversed.

Accordingly, even though we have concerns about and question the Court of Appeals' analysis, because the interest issue was not properly preserved, we decline to address defendant's request for relief on this issue.

IV. CONCLUSION

We conclude that plaintiff, the no-fault insurer, is entitled to invoke the doctrine of equitable subrogation and to stand in the place of its insured to recover full reimbursement from defendant for the reasonable medical expenses it paid on behalf of the insured. Accordingly, we reverse the judgment of the Court of Appeals limiting plaintiff's reimbursement to the amounts set forth in the WDCA's cost containment rules. Because we conclude that the interest issue was not properly preserved, we decline to address it. We affirm the judgment of the Court of Appeals remanding the case to the WCAC for a finding regarding the

---

[7] The Court of Appeals indicated that plaintiff had made a "cursory request for twelve percent interest . . . ." 245 Mich App 178. However, a review of plaintiff's brief in the Court of Appeals does not indicate that this argument was raised. Although the brief quotes MCL 418.852(2), including the language regarding twelve percent interest, it is not clear that plaintiff actually asserts that it was entitled to such a rate of interest. In this section, plaintiff merely sets forth its general equitable subrogation argument.

15

amount of medical expenses paid and the amount of reimbursement owed to plaintiff.

Stephen J. Markman
Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.