BOWMAN v R L COOLSAET CONSTRUCTION COMPANY

Docket No. 258518. Submitted October 19, 2005, at Detroit. Decided August 8, 2006, at 9:00 a.m. Leave to appeal sought.

James B. Bowman sought workers' compensation benefits for injuries he suffered in a traffic accident while driving from work for R. L. Coolsaet Construction Company at a remote worksite to his temporary housing at a campground. A workers' compensation magistrate denied the claim, determining that the claim falls within the general rule that injuries sustained while going to or coming from work are not compensable. Bowman and intervening plaintiff Auto Club Insurance Association appealed to the Workers' Compensation Appellate Commission (WCAC), arguing that Bowman was entitled to recover benefits under one or more of the exceptions to the general rule, including the traveling employee doctrine, which considers employees on required business travel to be continuously in the course of their employment. The WCAC affirmed the magistrate's decision, holding that none of the exceptions to the general rule applied and that the traveling employee doctrine is not valid in Michigan. Auto Club Insurance Association appealed.

The Court of Appeals *held*:

The traveling employee doctrine, which considers employees required to travel as a part of their business activities to be continuously in the course of their employment while on a business trip (except when a distinct departure on a personal errand is shown), applies in Michigan. Although the Supreme Court reversed the case that originally adopted the doctrine, it did not repudiate the doctrine, and the reasoning underlying the adoption of the doctrine remains persuasive. This matter must be remanded to the WCAC for a determination whether the traveling employee doctrine applies under the facts of this case.

Reversed and remanded for further proceedings.

WORKERS' COMPENSATION — COURSE OF EMPLOYMENT — TRAVELING EMPLOYEE DOCTRINE.

Employees required to travel as a part of their business activities are considered continuously in the course of their employment while on a business trip, unless a distinct departure on a personal errand is shown.

*Evans, Pletkovic & Rhodes, P.C.* (by *Jane S. Co-lombo*), for Auto Club Insurance Association.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), and *Law Offices of Lynch, Prokopp, Sekerak & Rochau* (by *Kim C. Rochau*) for R. L. Coolsaet Construction Company and Liberty Mutual Fire Insurance Company.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Gerald M. Marcinkoski*, Special Assistant Attorney General, and *Stephanie A. Carll*, Assistant Attorney General, for the Second Injury Fund.

Before: COOPER, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM. In this workers' compensation case, intervening plaintiff-appellant Auto Club Insurance Association (appellant) appeals by leave granted an order of the Workers' Compensation Appellate Commission (WCAC) affirming the magistrate's denial of plaintiff James B. Bowman's petition for workers' compensation benefits. Because we hold that the "traveling employee" doctrine exists in Michigan, we reverse the decision of the WCAC and remand for further proceedings in accordance with this opinion.

Plaintiff, a resident of Big Rapids, Michigan, was a journeyman pipe fitter. In June 2000, he began working on a job for defendant R.L. Coolsaet Construction Company (Coolsaet) in Dundee, Michigan. Because the job was located about 200 miles from his home, plaintiff arranged for temporary living arrangements in his travel trailer at a campground near Dundee during the work week. On September 14, 2000, heavy rains forced work at the job site to cease early, at approximately 3:00 p.m.

As plaintiff was driving his truck back to his trailer at the campground, he ran a stop sign and struck another vehicle. As a result of the accident, plaintiff sustained severe injuries that rendered him a paraplegic.

Plaintiff filed a petition seeking workers' compensation for a total and permanent disability. The magistrate ruled that no exceptions applied to remove plaintiff's case from the general rule that injuries sustained while going to or coming from work are not compensable and denied plaintiff's petition for workers' compensation benefits. According to the magistrate, plaintiff failed to establish a sufficient nexus between his employment and his injuries. Plaintiff and appellant appealed the magistrate's decision to the WCAC, arguing that one or more of the exceptions to the general rule prohibiting benefits for injuries sustained while traveling to or from work applied and that plaintiff was entitled to recover benefits under the "traveling employee" doctrine. In a two-to-one decision, the WCAC rejected plaintiff's arguments, holding that none of the exceptions to the general rule precluding the granting of worker's compensation benefits for injuries sustained by an employee while the employee is traveling to or from work applied and holding that the "traveling employee" doctrine is not valid in Michigan.

Our review begins with the WCAC's decision, not the decision of the magistrate. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709; 614 NW2d 607 (2000). This Court reviews the WCAC's decision under the "any evidence" standard. *Id.* at 708. If there is any evidence supporting the WCAC's factual findings, and if the WCAC did not misapprehend its administrative appellate role in reviewing the magistrate's decision, then this Court must treat the WCAC's factual findings as conclusive. *Id.* at 709-710; *Ross v Modern Mirror &*

*Glass Co*, 268 Mich App 558, 561; 710 NW2d 59 (2005). This Court reviews questions of law in any WCAC order under a de novo standard. *Ross, supra* at 561, citing *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000). A decision of the WCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework. *Ross, supra* at 561. Whether an employee's injuries arose in the course of employment presents a question of law if the facts are not in dispute; otherwise, such issues present mixed questions of fact and law. *Zarka v Burger King*, 206 Mich App 409, 411; 522 NW2d 650 (1994).

Appellant argues that the "traveling employee" doctrine should be applied in this case and that under that doctrine, plaintiff is entitled to workers' compensation benefits. Under the Worker's Disability Compensation Act, MCL 418.101 *et seq.*, an employee who suffers a disabling personal injury "arising out of and in the course of employment" is entitled to compensation. MCL 418.301(1). Generally, however, injuries sustained by an employee while going to or coming from work are not compensable under the Worker's Disability Compensation Act. *Simkins v Gen Motors Corp (After Remand)*, 453 Mich 703, 712; 556 NW2d 839 (1996); *Camburn v Northwest School Dist (After Remand)*, 459 Mich 471, 478; 592 NW2d 46 (1999). The "traveling employee" doctrine is an exception to the general rule.[1] Under the "traveling employee" doctrine, employees who are traveling on a business trip are considered to be

---

[1] There are a number of other exceptions to the general rule that injuries that occur while an employee travels to or from work are not compensable. See *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 452 n 6; 320 NW2d 858 (1982). However, in light of our holding regarding the applicability of the "traveling employee" doctrine, we need not determine whether the employee's conduct in this case came within the scope of these, or any other, exceptions.

continuously in the course of their employment for the duration of the business trip, except when a distinct departure on a personal errand is shown. 2 Larson, Workers' Compensation Law, § 25.01, pp 25-1 to 25-2. Under the "traveling employee" doctrine, an employee who is injured while traveling to or coming from work while on a business trip would be entitled to recover workers' compensation benefits.

This case requires this Court to determine the status of the "traveling employee" doctrine in Michigan. In *Eversman v Concrete Cutting & Breaking*, 224 Mich App 221; 568 NW2d 387 (1997), rev'd 463 Mich 86 (2000), this Court adopted the "traveling employee" doctrine and awarded workers' compensation benefits to an employee who was injured when he was struck by an automobile while crossing the street to return to the motel where he was staying while working for his employer on a multiday assignment out of town. *Id.* at 223-224. The employee was returning to his motel from a bar at which he had eaten dinner. The employee had consumed beer throughout the day, including at the bar where he ate his dinner, and his blood alcohol content was 0.23 percent. *Id.* at 224. In ruling that the employee was entitled to benefits, this Court stated:

Traveling employees on a business trip are considered to be continuously within the scope of their employment during their trip, except when a distinct departure for a personal errand can be shown. 2 Larson, Workers' Compensation Law, § 25.00, p 5-275 [now at § 25.01, pp 25-1 to 25-2]. Thus, for traveling employees, the "arising out of and in the course of employment" tests are generally met by their being away from home for their employer's benefit and being at the place of injury because of their employment. See *Olinger Const Co v Mosbey*, 427 NE2d 910 (Ind App, 1981).

> Like other employees who travel for days at a time, plaintiff had to eat and sleep. Injuries arising out of the necessity that traveling employees sleep in hotels or eat in restaurants away from home are usually held compensable. Larson, *supra*, p 5-275. Section 25.21(a) [now 25.03(1)] of the Larson treatise cites decisions from several jurisdictions that awarded benefits for a traveling employee, whether or not on call, who was injured in an activity arising out of the need for the employee to sleep or eat away from home. Specifically mentioned are cases where injuries were sustained in the process of getting meals or when a "traveling man . . . is struck by an automobile between his hotel and a restaurant." Larson, *supra*, pp 5-282—5-283 [now at p 25-5]. [*Eversman, supra* at 225-226.]

According to this Court, because the employee was injured as he was returning directly to his motel room after a meal, and because the evidence did not show a distinct departure for a personal errand, the plaintiff was in the course of his employment as a traveling employee. *Id.* at 227.

In *Eversman v Concrete Cutting & Breaking*, 463 Mich 86; 614 NW2d 862 (2000), the Michigan Supreme Court reversed our holding in *Eversman*. In reversing, however, our Supreme Court did not specifically reject the "traveling employee" doctrine. According to our Supreme Court, it was "not necessary . . . to decide whether to adopt the traveling employee doctrine," because even if the plaintiff was working as a traveling employee, his recovery was precluded by MCL 418.301(3), which specifically bars recovery of worker's compensation benefits for " 'an injury incurred in the pursuit of an activity the major purpose of which is social or recreational[.]' " *Id.* at 93, quoting MCL 418.301(3). The Supreme Court observed that because the employee's injuries occurred as he was "ending a six-hour span of visiting bars, drinking beer, and playing pool," the "major purpose" of his activities was

"social or recreational." *Id.* at 96. Therefore, the Supreme Court reversed this Court's holding that the employee was entitled to receive workers' compensation benefits.

We find it compelling that the Supreme Court had the opportunity to explicitly repudiate the "traveling employee" doctrine in *Eversman* but did not do so. Nevertheless, this Court's adoption of the "traveling employee" doctrine in *Eversman* lacks precedential value even though the Supreme Court did not specifically address the viability of the "traveling employee" doctrine in overruling *Eversman. Dunn v Detroit Automobile Inter Ins Exch*, 254 Mich App 256, 262; 657 NW2d 153 (2002) (stating that a Court of Appeals decision that has been reversed on other grounds has no precedential value). Therefore, there is no binding authority that has acknowledged the existence of the "traveling employee" doctrine in Michigan. However, even though our decision in *Eversman* has no precedential value, we can still consider that decision as persuasive authority. *Id.* at 264.

Because we are persuaded by the reasoning of this Court in adopting the "traveling employee" doctrine in *Eversman*, we again adopt the "traveling employee" doctrine and confirm the viability of the doctrine in Michigan. In so doing, we observe that the majority of jurisdictions have held that employees whose work entails travel away from the employer's premises are continuously in the course of their employment during the trip and that employees who are injured during a business trip can therefore recover workers' compensation benefits, except when a distinct departure on a personal errand is shown. 2 Larson, Workers' Compensation Law, § 25.01, pp 25-1 to 25-2. We further observe that in *Nock v M & G Convoy, Inc (On Remand)*, 204

Mich App 116, 120; 514 NW2d 200 (1994),[2] this Court expressed its agreement "with the general rule that, in many situations, injuries incurred during overnight travel should be treated differently from other injuries." We agree with the reasoning in our opinion in *Eversman*, the majority of jurisdictions, and our opinion in *Nock* that it makes sense to treat an employee who is traveling for work for the benefit of, and at the behest of, the employer differently than an employee who works at a fixed location and is not required to travel to perform work duties. This is particularly true in light of MCL 418.301(3) and our Supreme Court's decision in *Eversman*, which both limit an employee's ability to recover workers' compensation benefits if an employee, even a traveling employee, is injured in an activity that is primarily social or recreational in nature. Adopting the "traveling employee" doctrine as set forth in our opinion in *Eversman*, and as limited by MCL 418.301(3) and our Supreme Court's decision in *Eversman*, reasonably accommodates the unique circumstances faced by employees who must travel on a business trip to perform their work, yet also protects employers from compensating employees for injuries that were incurred on a business trip but during an activity that was primarily social or recreational in nature, or amounted to a distinct departure for a personal errand.

---

[2] Appellant contends that this Court applied the "traveling employee" doctrine in *Nock*. We do not read *Nock* so broadly. In *Nock*, we held that the employee was barred from receiving workers' compensation benefits on the basis of a provision in MCL 418.301(3) precluding compensation for injuries sustained while the employee is engaged in an activity that is primarily social or recreational. *Id.* at 120-121. Because we based our decision on MCL 418.301(3), it was unnecessary to apply the "traveling employee" doctrine or specifically adopt it, and we did not do so.

Because the WCAC did not have the benefit of this Court's readoption of the "traveling employee" doctrine in determining whether to award workers' compensation benefits to plaintiff, we remand for the WCAC to determine whether the "traveling employee" doctrine applies to the facts of this case and whether plaintiff was injured during an activity that was primarily social or recreational in nature or while plaintiff was engaged in a distinct departure for a personal errand. We note that the facts indicate that plaintiff may have been a "traveling employee" because he was working on a job 200 miles away from home and was maintaining a temporary residence in his trailer at a campground during the course of his duties for his employer. At the time plaintiff was injured, he was returning from the worksite to his trailer at the campground. There is no indication from the record that plaintiff was engaged in primarily a social or recreational activity at the time of the accident or that he made a distinct departure on a personal errand. To the contrary, the record establishes that plaintiff was merely returning to his temporary home in his trailer at the campground after his work day was cut short because of inclement weather. On remand, therefore, the WCAC must reconsider its decision regarding whether plaintiff is entitled to workers' compensation benefits in light of this Court's readoption of the "traveling employee" doctrine. In so doing, the WCAC should determine whether plaintiff was injured in the course of his employment or whether his injuries occurred during an activity that was primarily social or recreational in nature or during a distinct departure for a personal errand.

Appellant next argues that under *Auto-Owners Ins Co v Amoco Production Co,* 468 Mich 53; 658 NW2d 460 (2003), and *Auto-Owners Ins Co v Amoco Production Co,* 245 Mich App 171; 628 NW2d 51 (2001), rev'd in part

468 Mich 53 (2003), it is entitled to be reimbursed for the full amount of any medical payments it made on plaintiff's behalf, with interest at the rate of ten percent per annum. Appellant did not make any arguments regarding the amount of reimbursement or the rate of interest before the WCAC. Therefore, this Court is without statutory authority to consider these arguments on appeal. *Calovecchi v Michigan*, 461 Mich 616, 626; 611 NW2d 300 (2000), citing MCL 418.861a(14). If appellant desires to make these arguments to the WCAC on remand, so that the WCAC can consider the amount of reimbursement and whether interest, and at what rate, should be applied, it should do so.

In light of our readoption of the "traveling employee" doctrine and our decision to remand this case to the WCAC for reconsideration of its decision to deny recovery of worker's compensation benefits to plaintiff based on the "traveling employee" doctrine, we do not address appellant's argument that plaintiff was entitled to recover workers' compensation benefits on the basis of any other exceptions to the general rule precluding benefits for an employee who suffers an injury while going to or coming from work.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.